[No. 7312.   Decided June 15, 1908.]

ROBERT KELLY, *Respondent*, v. JOHN P. COWAN *et al.*,
*Appellants.*[1]

CONSTITUTIONAL LAW—JUDICIAL POWER.   The courts are bound
to apply the law as made by the legislature, without putting human-
itarian considerations above it.

MASTER AND SERVANT—PERSONAL INJURIES—SAFE PLACE—ASSUMP-
TION OF RISKS—EVIDENCE—SUFFICIENCY.   An employee in the con-
struction of a building, struck by a falling brick, assumes the risk
as a matter of law, where it appears that while he would be engaged
in putting a wheelbarrow of brick on one elevator at the bottom of
the shaft, another employee at the top of the shaft would be remov-
ing another load from the other elevator, that he knew that bricks
were liable to be jostled off from the load and fall down the shaft,
and a brick was jostled and fell, the elevator platform not being
flush with the upper floor.

Appeal from a judgment of the superior court for Pierce
county, Reid, J., entered October 1, 1907, upon the verdict
of a jury rendered in favor of the plaintiff, in an action for
personal injuries.   Reversed.

*Hudson & Holt,* for appellants, contended, that whatever
negligence existed, was not by reason of failure to provide a
safe place, but by failure to provide safe appliances.   *Wag-
ner v. New York etc. R. Co.,* 76 App. Div. 552, 78 N. Y.
Supp. 696; *Fink v. Slade,* 66 App. Div. 105, 72 N. Y. Supp.
821; *Connors v. Holden,* 152 Mass. 598, 26 N. E. 137; *Gree-
ley v. Foster,* 32 Colo. 292, 75 Pac. 351; *Penner v. Vinton
Co.,* 141 Mich. 77, 104 N. W. 385; *Perry v. Rogers,* 157 N.
Y. 251, 51 N. E. 1021; *Stourbridge v. Brooklyn City R. Co.,*
9 App. Div. 129, 41 N. Y. Supp. 128.   The obligation of the
master to furnish reasonably safe appliances did not impose
the duty of keeping the building in a safe condition at every
moment of the work so far as safety depended upon due per-

[1]Reported in 96 Pac.

formance by the servants and their fellows. *Armour v. Hahn*, 111 U. S. 313, 4 Sup. Ct. 433, 28 L. Ed. 440; *Kreigh v. Westinghouse, Church, Kerr & Co.*, 152 Fed. 120, 11 L. R. A. (N. S.) 684; *American Bridge Co. v. Seeds*, 75 C. C. A. 407, 144 Fed. 605, 11 R. A. (N. S.) 1041. It is sufficient if he used machinery in common use, and he is not bound to use the newest and best appliances. *Hoffman v. American Foundry Co.*, 18 Wash. 287, 51 Pac. 385; *Imhoof v. Northwestern Lumber Co.*, 43 Wash. 387, 86 Pac. 650; Note to 98 Am. St. 292; *Hale v. Cheney*, 159 Mass. 268, 34 N. E. 255; *Titus v. Bradford etc. R. Co.*, 136 Pa. St. 618, 20 Atl. 517, 20 Am. St. 944; *O'Neill v. Chicago etc. R. Co.*, 66 Neb. 638, 92 N. W. 731, 60 L. R. A. 443, 1 Am. & Eng. Ann. Cases 337; *Washington & G. R. Co. v. McDade*, 135 U. S. 554, 10 Sup. Ct. 1044, 34 L. Ed. 235; *Young v. Mason Stable Co.*, 96 App. Div. 305, 89 N. Y. Supp. 349; *Shadford v. Ann Arbor St. R. Co.*, 111 Mich. 390, 69 N. W. 661; *Innes v. Milwaukee*, 96 Wis. 170, 70 N. W. 1064; *Davis v. Augusta Factory*, 92 Ga. 712, 18 S. E. 974; *Kern v. DeCastro & Donner Sugar Ref. Co.*, 125 N. Y. 50, 25 N. E. 1071; *Quigley v. Levering*, 167 N. Y. 58, 60 N. E. 276, 54 L. R. A. 62; *Geoghegan v. Atlas Steamship Co.*, 22 N. Y. Supp. 749; *Kehler v. Schwenk*, 144 Pa. St. 348, 22 Atl. 910, 27 Am. St. 633, 13 L. R. A. 374; *Westinghouse Elec. & Mfg. Co. v. Heimlich*, 127 Fed. 92; *Mississippi River Logging Co. v. Schneider*, 74 Fed. 195. The dangers were as obvious and apparent to the servant as to the master, and he assumed the risks. *Miller v. Moran Bros. Co.*, 39 Wash. 631, 81 Pac. 1089, 1 L. R. A. (N. S.) 283; *Tham v. Steeb Shipping Co.*, 39 Wash. 271, 81 Pac. 711; *Imhoof v. Northwestern Lumber Co.*, 43 Wash. 387, 86 Pac. 650; *St. Louis Cordage Co. v. Miller*, 126 Fed. 495, 63 L. R. A. 551; 4 Thompson, Negligence, § 3393; *King v. Ford River Lumber Co.*, 93 Mich. 172, 53 N. W. 10; Note to 97 Am. St. 886; *Pressly v. Dover Yarn Mills*, 138 N. C. 410, 51 S. E. 69; *Mississippi River*

*Logging Co. v. Schneider,* 74 Fed. 195; *Anderson v. Inland Telephone etc. Co.,* 19 Wash. 575, 53 Pac. 657, 41 L. R. A. 410; *Steeples v. Panel & Folding Box Co.,* 33 Wash. 359, 74 Pac. 475; *Shields v. Robins,* 3 App. Div. 582, 38 N. Y. Supp. 214; *Kern v. DeCastro & Donner Sugar Ref. Co., supra.*

*Govnor Teats;* for respondent, contended, that it is the duty of the master to furnish a safe place in which to work. *Uren v. Golden Tunnel Min. Co.,* 24 Wash. 261, 64 Pac. 174; *Gustafson v. Seattle Traction Co.,* 28 Wash. 227, 68 Pac. 721; *Goe v. Northern Pac. R. Co.,* 30 Wash. 654, 71 Pac. 182; *Melse v. Alaska Commercial Co.,* 42 Wash. 356, 84 Pac. 1127; *Sullivan v. Wood & Co.,* 43 Wash. 259, 86 Pac. 629; *Smith v. Dow,* 43 Wash. 407, 86 Pac. 555; *Pioneer Fireproof Construction Co. v. Howell,* 189 Ill. 123, 59 N. E. 535. The plaintiff was not a fellow workman of the man at work on the fifth floor. *Uren v. Golden Tunnel Min. Co.,* 24 Wash. 261, 64 Pac. 174; *Conine v. Olympia Logging Co.,* 36 Wash. 345, 78 Pac. 932; *Mullin v. Northern Pac. R. Co.,* 38 Wash. 550, 80 Pac. 814. The concurrent negligence of a fellow workman is no defense. *Costa v. Pacific Coast Co.,* 26 Wash. 138, 66 Pac. 398, and cases cited. Nor is customary negligence or common use a defense. *Carlson v. Wilkeson Coal & Coke Co.,* 19 Wash. 473, 53 Pac. 725; *Wabash R. Co. v. McDaniels,* 107 U. S. 454, 2 Sup. Ct. 932, 27 L. Ed. 605; *Towle v. Stimson Mill Co.,* 33 Wash. 305, 74 Pac. 471; *Stone v. Seattle,* 33 Wash. 644, 74 Pac. 808; *Williams v. Spokane Falls & Northern R. Co.,* 39 Wash. 77, 80 Pac. 1100; *Texas & P. R. Co. v. Behymer,* 189 U. S. 468, 23 Sup. Ct. 622, 47 L. Ed. 905; *Roy Lumber Co. v. Donnelly,* 31 Ky. Law 601, 103 S. W. 255. The plaintiff did not assume the risks. *Shoemaker v. Bryant Lum. & Shingle Mfg. Co.,* 27 Wash. 37, 68 Pac. 380; *Goldthorpe v. Clark-Nickerson Lumber Co.,* 31 Wash. 467, 71 Pac. 1091; *Currans v. Seattle & San Francisco R. & Nav. Co.,* 34 Wash. 512, 76 Pac. 87; *Smith v. Dow, supra; Liedke v. Moran Bros. Co.,* 43 Wash. 428, 86

Pac. 646; *Sturgeon v. Tacoma Eastern R. Co.*, 48 Wash. 366, 93 Pac. 526.

ROOT, J.—This is an appeal from a judgment allowing damages for a personal injury received by respondent while working for appellants, who were contractors engaged in the erection of a high building in Tacoma. In the building were two platforms, side by side, which were raised and lowered by means of cables, and used for carrying brick and other builder's material from the ground up to those portions of the upper floors where said material was being used. They were of the character in common and general use for such purposes. These platforms or elevators were so constructed that when one went up the other came down. At the time of the accident, brick was being carried up by means of these elevators. A wheelbarrow loaded with brick would be placed upon one of the platforms, which would then be elevated to the upper floor where the wheelbarrow and brick would be removed from the platform or elevator to the floor of the building, and moved to where needed. While a man at the top was removing the brick, the respondent would place another wheelbarrow loaded with brick upon the other platform at the bottom of the elevator shaft. At this particular time, it is claimed that the platform at the top was not quite flush with the upper floor of the building, and that, as the wheelbarrow was being removed from the platform to the floor of the building, the brick were jostled in such a manner as to cause one of them to slide or fall from the barrow down the elevator shaft, where it struck respondent. The latter had been working on this building for about two weeks, and had, at various times during the past nine months, been engaged in working about buildings in course of construction. He testified that he had seen a man with a wheelbarrow and load of brick fall down a shaft, and that he had been told that another man had narrowly escaped injury from the falling of a brick some time

39—49 WASH.

before, in the same shaft where he was injured. Respondent contends that the appellants were negligent in not giving him a safe place to work, and keeping the place reasonably safe. He also contended in the lower court that the failure of the man above to have the elevator come flush with the upper floor before removing the wheelbarrow was a breach of a non-delegible duty of the master. The trial court, however, held that the man on the upper floor was a fellow servant of respondent, and that the latter could not recover by reason of any negligence of such fellow servant. The correctness of this holding is not presented for our consideration.

The appellants urge that, inasmuch as the danger which occasioned respondent's injury was one that was open, apparent, and known to him, he cannot recover. Respondent's attorney urges strongly upon us a consideration of the "humanitarian side" of the question. We do believe in giving consideration to the "humanitarian side" in deciding personal injury, and all other, cases; but we cannot put such considerations above the law, nor permit our feelings of sympathy to override the law by making radical changes therein which the people have not authorized us to make. Argument for the elimination or radical modification of such principles as are involved herein should be addressed to the legislature. That body is, by the people, through their constitution, given the power of legislation. The courts are not vested with such authority. We are in duty bound to apply the law as we find it.

The principles of law controlling a case like the one at bar are well settled. The servant assumes the risk of dangers that are to him open, apparent, and known. In this case the respondent could see the condition of his working place. He knew that bricks handled by the method employed were liable to occasionally fall down the shaft, as he testified that sometimes he piled the bricks regularly and sometimes threw them into the wheel-

barrow in a haphazard manner. He had been told that another workman had recently narrowly escaped injury from a brick thus falling down one of these identical shafts. He knew that there was no covering over either of the platforms. He had seen a man and load of bricks fall. He knew that one platform was at the top, while the other was at the bottom, and that while he was placing a load of bricks upon the lower platform his fellow servant was removing another load from the upper platform. However negligent the master may have been in having the work done in this manner, it is evident that all of the dangers of the situation could easily be seen, understood, and appreciated by the respondent, and that he knew of them. This being true, the doctrine of assumed risk applies, and a recovery is defeated. It would doubtless be a good statute that would require protection for working men employed as was this respondent, and such a statute could defeat the defense of assumed risk; but until there is legislation of this kind, we have no discretion but to follow the law as we now find it.

The judgment of the honorable superior court is reversed, and the cause remanded with instructions to dismiss the action.

CROW, MOUNT, RUDKIN, and FULLERTON, JJ., concur.