Argued February 18, decided April 13, 1909.

## DRYDEN v. PELTON-ARMSTRONG CO.

[101 Pac. 190.]

TRIAL—WAIVER OF ERROR—MOTION FOR NONSUIT.

1. Defendant does not waive his motion for nonsuit by offering evidence after denial of the motion.

ACTION—MOTION FOR NONSUIT—NATURE OF PROCEEDINGS—WHAT LAW GOVERNS.

2. A motion for a judgment of nonsuit is a part of the procedure and is governed by the law of the place of trial, though the cause of action arose in another jurisdiction.

MASTER AND SERVANT—INJURY TO SERVANT—LIABILITY OF MASTER—WHAT LAW GOVERNS.

3. The liability of a master for injuries to his servant is governed by the law of the place of the injury, rather than the place of the action.

MASTER AND SERVANT—INJURY TO SERVANT—ASSUMPTION OF RISK.

4. A servant assumes the risks incident to the work if the dangers thereof are visible and are known to him.

From Multnomah: JOHN B. CLELAND, Judge.

Statement by MR. JUSTICE EAKIN.

This is an action by plaintiff, J. W. Dryden, to recover damages for a personal injury. Defendant is a corporation organized under the laws of Oregon, and engaged in a general logging business in Oregon and Washington. At the time of the injury complained of, defendant was engaged in logging in the State of Washington by means of a chute made of logs embedded in the ground. For a short distance at the upper end of the chute the logs descend by gravity, and below this

point they are propelled by a cable, operated by an engine situated at the lower end of the chute. A signal wire, attached to the engine whistle, extended up the chute, suspended overhead, and fastened to a tree some distance above a point referred to as the "hump" (the commencement of a steeper incline and of a curve in the chute). There were two places where the chasers could reach it —at the hump and at the upper end of the wire. Plaintiff was employed as a chaser, as to whose duty the evidence is not very full. On this chute there were two chasers; plaintiff working a distance of about 240 feet on the upper part, and Paris on the lower part, from the hump down. Plaintiff's duty was to fasten the grabs to the log, which were two large hooks attached to the cable, and to follow the log down the chute, while Paris remained at the signal station at the hump, so that, in case plaintiff desired to start or stop the cable, he might notify Paris, and he notify the engineer by means of the signal wire. After the log passed the hump, Paris would follow it, and plaintiff would take his place, and, if anything happened while Paris was going down, plaintiff would stop the line. Near the hump a log—known at the trial as No. 5—lay close to the chute on the left side, which, defendant's witnesses testify, had been placed there to prevent the log from leaving the chute at that point. Plaintiff had worked for defendant in the forest two or three months, cutting log roads, setting grabs, and at this particular work about five days. Defendant denies any negligence on its part, and alleges that any danger then existing was open, visible, and known to plaintiff, and that he assumed the risk thereof, and that his injury was the result of his own negligence.

The cause was tried by a jury and a verdict rendered for plaintiff. At the close of plaintiff's testimony defendant moved for a judgment of nonsuit, for the reason that the evidence shows that plaintiff assumed the risk; that he was guilty of contributory negligence; that he had

equal knowledge with defendant of the conditions existing; and that no negligence on defendant's part was shown. The motion was denied by the court, and defendant also excepted to the refusal of the court to give certain instructions requested, and, after the verdict, moved the court for a new trial, which was denied. Defendant appeals.                                              REVERSED.

For appellant there was a brief over the names of *Messrs. Hogue & Wilbur,* with an oral argument by *Mr. Ralph W. Wilbur.*

For respondent there was a brief over the names of *Messrs. Wilkins & Bennett,* and *Mr. A. E. Gebhardt,* with oral arguments by *Mr. M. O. Wilkins* and *Mr. Gebhardt.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. The instructions given by the court practically include those requested by defendant, and it is not necessary to mention them at length. There is no question involved here in the motion for a new trial not covered by the motion for judgment of nonsuit. It is first urged by plaintiff that defendant waived the motion for nonsuit by offering evidence in its own behalf after the motion was denied. Under the practice in this State a motion for a nonsuit is not so waived, but plaintiff urges that, the cause of action having arisen in the State of Washington, the law of the place where the injury occurred should control here, and that in Washington a defendant waives a motion for nonsuit by introducing evidence on its own behalf after the motion has been denied. But we find no difference between the rule in Washington and in Oregon upon that question. In *Matson* v. *Port Townsend R. R. Co.,* 9 Wash. 449 (37 Pac. 705), it is held: "The fact that a defendant goes into his defense of an action after the denial of his motion for a nonsuit to which he was entitled at the time the motion was interposed, operates as a waiver thereof

merely to the extent of allowing the plaintiff to benefit by any evidence introduced by defendant or by himself in rebuttal." In *Dimuria* v. *Seattle Transfer Co.,* 50 Wash. 633 (97 Pac. 657), it is held that the motion is waived by defendant proceeding with its evidence, but such waiver extends only to allowing plaintiff the benefit of any evidence thereafter introduced.   This is the practice in Oregon, beginning with *Bennett* v. *Northern Pac. Ex. Co.,* 12 Or. 49 (6 Pac. 160), and recognized in *Carney* v. *Duniway,* 35 Or. 131 (57 Pac. 192: 58 Pac. 105), and *Trickey* v. *Clark,* 50 Or. 516 (93 Pac. 457), where it is held that, if plaintiff did not prove a cause sufficient to go to the jury, a refusal of a nonsuit will not be disturbed if defendant afterward supplies the omission.   If the defect in plaintiff's case is cured by subsequent testimony, the motion cannot prevail.

2. Neither does the *lex loci* govern in matters relating to the remedy and course of procedure. 22 Am. & Eng. Enc. Law (2 ed.) 1383.   A motion for a judgment of nonsuit is a part of the procedure and the law of the place of the trial must govern in determining it.

In resisting the motion for nonsuit, plaintiff urges that negligence on the part of defendant was established: (1) In the defective construction of the chute, namely, that a knuckle or joint was made in the logs forming the chute at the commencement of the curve.  As expressed by plaintiff, "it had been butted and worn off there.   In place of being a curve, it was more of a joint." (2) That defendant was negligent in permitting a log to lie close to the chute at the point where the injury occurred. (3) That defendant failed to provide a walkway for plaintiff along the side of the chute.   At the time of the injury plaintiff testifies that he had two logs in the chute, the first one small and the second large. To the back end of the second one the grabs were fastened and the small log pushed by it.   He was traveling close to the chute and about four feet forward of the back

end of the second log, and, as it reached the hump, the small log caught at the knuckle or joint, and thus caused the logs to turn out of the chute at the point of their contact with each other, and the large log turned across the chute, the back end of which crushed plaintiff's foot against log No. 5. Whether there was a walkway or not at other points than where the injury was received is immaterial in this case, as the absence of it did not contribute to the injury, and it appears that there was room to walk between the log in the chute and log No. 5 at the place of the injury. Nor is a well-built walkway outside the chute necessary, as no duty required the presence of the chaser beside the log while it was moving down the chute. He was only required to follow the log, either in the chute or outside it, as he found most convenient. The log, when being propelled down the chute, moved, as expressed by the engineer, "about as fast as a man walks, an ordinary walk." Everything was open and visible to plaintiff and the movement of the log very moderate, and any danger that existed was apparent to him, and the risk was assumed by him. It is said in *Johnson* v. *Oregon S. L. Ry. Co.*, 23 Or. 94 (31 Pac. 283) : "The servant also takes upon himself, in addition to the ordinary risks incident to the business, such other risks as are open and visible."

3. It is conceded by counsel, both for plaintiff and defendant, that, as the cause of action arose in the State of Washington, the *lex loci* will control in this jurisdiction in determining the liability of defendant for the injury complained of, and the rule in that State is that, where the danger which besets the servant is open, apparent, and known to him, he assumes the risk of such employment. It is said in *Kelley* v. *Cowan*, 49 Wash. 606 (96 Pac. 152) : "The principles of law controlling a case like the one at bar are well settled, and have been for a century or two. The servant assumes the risk of dangers that are to him open, apparent, and

known." To the same effect are *Miller* v. *Moran Bros. Co.,* 39 Wash. 631 (81 Pac. 1089: 1 L. R. A. (N. S.) 283: 109 Am. St. Rep. 917), and *Ford* v. *Feffernan Engine Works,* 48 Wash. 315 (93 Pac. 417).

4. As already suggested, the dangers to plaintiff arose because of his position beside the log in the chute. If he had been behind it he would have been absolutely safe, and an employee who voluntarily chooses a dangerous place to work when a safe one is available to him cannot recover for an injury sustained thereby. *Hoffman* v. *American Foundry Co.,* 18 Wash. 287 (51 Pac. 385); *Stratton* v. *Nichols Lbr. Co.,* 39 Wash. 323 (81 Pac. 831: 109 Am. St. Rep. 881); *Bundy* v. *Union Iron Works,* 46 Wash. 231 (89 Pac. 545). He followed the log not for anything he could do in propelling or guiding it, but only to give a signal if trouble should arise, and his presence at the signal station was only required after the log had passed it. Therefore the danger was open, visible, and known to plaintiff, and he assumed the risk incident thereto.

The court erred in denying the motion for judgment of nonsuit, and the defect in plaintiff's proof is not cured by the subsequent testimony, and the judgment is reversed and remanded to the court below for such further proceedings as may be proper, not inconsistent with this opinion.          REVERSED.