[Civ. No. 7960. First Appellate District, Division One.—October 6, 1931.]

JOSEPHINE C. SOLKO, Individually and as Executrix, etc., Appellant, v. EDWARD B. JONES, Respondent.

William C. Ring, Faucett & Ring and E. B. Drake for Appellant.

Jennings & Belcher for Respondent.

PARKER, J., *pro tem.*—Appeal from judgment of dismissal entered upon the granting of defendant's motion for a nonsuit in an action to recover damages for negligence proximately causing personal injuries to plaintiff and the death of her husband. The questions presented are stated by appellant as follows: 1. If a husband is killed and his wife, while his passenger, suffers personal injuries in the same automobile collision wherein the husband is guilty of

contributory negligence, does his said contributory negligence bar her recovery for her own personal injuries? 2. Was plaintiff's husband guilty of contributory negligence proximately causing the accident? 3. If so, should the jury here have been permitted to decide whether, as a matter of fact, defendant had the last clear chance of avoiding the injury, and whether he used due care in that behalf? The questions thus presented will be considered in the same order.

1. It is well established in this state that the contributory negligence of the husband is imputed to his wife, and the wife is consequently barred from any recovery for her injuries. (*Basler* v. *Sacramento Gas & Elec. Co.*, 158 Cal. 514–518 [Ann. Cas. 1912A, 642, 111 Pac. 530] ; *Dunbar* v. *San Francisco-Oakland T. Rys.*, 54 Cal. App. 15 [201 Pac. 330] ; *Giorgetti* v. *Wollaston*, 83 Cal. App. 358 [257 Pac. 109].) In the last cited case, at page 362, it is said: "A right of action for personal injuries to the wife is community property (citing cases) and though as provided by statute she may sue alone . . . , yet if the negligence of her husband proximately contributed to her injuries the right of either or both to recover is barred." Appellant disputes this statement of the law and argues that, whatever may have been the former rulings, the more recent construction given by the courts to the doctrine of community rights tends to a contrary conclusion. Without detailing appellant's analytical review of the history of community property law in this jurisdiction, we might concede that the tendency of the later statutes and the decisions construing the same have been to lessen the husband's sole and arbitrary control of the community property, but the older rules as to what constitutes community property have been little altered, and the law remains to the effect that a chose in action such as the one here being considered remains the property of the community. Then, argues appellant, it cannot be disputed that it is a salutary maxim of the law where the reason falls the law falls. The argument proceeds on the theory that the husband being killed, the community automatically was dissolved; that, therefore, there being no community, whatever right existed in the wife must necessarily be her separate property. And, continuing, it being the theory of the law that the husband's negligence having caused or contributed to the injury of the wife and any damages recoverable therefor being community property,

the husband would profit by his own wrong if the wife could recover pecuniary damages, then obviously such theory can find no support in reason if the husband is killed, inasmuch as he cannot profit after his demise. We have thus detailed the contention of appellant on this point, as it seems to be the important feature of the controversy and for the further reason that appellant has presented a persuasive argument, well reasoned and supported by abundant authority. Yet there is one material matter that interrupts the mechanical precision of the approach to the argument. The record before us discloses that the husband was not killed in the accident. It is true that he died as a result of injuries sustained in the said accident and that the interval between the injury and death was but a matter of a few hours.

After the accident had occurred and the events comprising the same had terminated, we find both husband and wife living. We find the wife injured as a result of the negligence of defendant and the contributing negligence of the husband. Therefore, under the established rule, we find a cause of action accruing to the community, which cause of action by reason of the husband's negligence, is barren and to all intents destroyed. The rule cannot be circumvented through a voluntary conveyance of the community interest by the husband, although such a transfer would in effect tend to overcome the reason often set forth as the sole support of the doctrine. When the law declares that the profits arising from the husband's negligence shall not enrich the community, it is tantamount to saying that no profit or gain shall so arise, for the reason that if any profit did arise it could not be other than community property. The effect of the law's imputation is to charge the wife with the negligence of the husband equally with the latter. His death in no degree absolves him from negligence, nor changes the character of his act. That act, if negligent, remains so; and if when committed, it was by imputation of law the act of the wife, it still remains her act, unchanged in character.

To sustain appellant's contention, we must hold that the right of the wife, her cause of action, arises immediately upon the happening of the event causing her injury, but remains unenforceable and suspended during the life of the husband, but upon his death revives and becomes vested in the wife. When in the instant case the death of the husband followed

within a few hours after the accident, the reasoning would have equal force where death resulted within a year. To hold then that for eleven months the wife was chargeable with negligence defeating her cause of action, but that upon the death of the husband she became completely absolved, would bring about a condition not consistent with any theory of law or reason.

Let us suppose a case where an accident happened, due to the unquestioned negligence of the husband contributing with the negligence of a third party; no other questions being involved. The husband receives no injuries at all, but the wife is injured and in dire straits. If the husband then, remorseful over the fact that the condition is at least partially attributable to his negligence, determines self-destruction and executes the plan, we would have a situation compared to the case at bar. The death of the husband, whatever may be the cause, serves only to dissolve the community; it cannot affect the character of property acquired or rights vested prior to his death.

Without further discussion we hold that the death of the husband some few hours after the accident will not suffice to change or abrogate the rule that the negligence of the husband is imputed to the wife. During the hours of his life, after the accident, the husband was in full possession of all of his legal rights; the fruits of inheritance could attach to him as the result of an ancestor predeceasing him within that time, and in all other respects he would be deemed living. Upon his death the community interest of the wife would become vested and she would become the owner of that portion of the community property allotted to her under the law. This claimed cause of action, denied to the community because of the fault of one of the members thereof, was not vested in the wife prior to the death, nor was it vested in the community. Therefore the wife has never acquired it. We are mindful that the rule of this jurisdiction is in some conflict with the weight of authority elsewhere and we are not called upon to defend the rule, nor do we attempt to justify its reasoning. We accept the rule of the jurisdiction, now so well established. Given the undisputed doctrine, we simply determine that the facts of the instant case do not bring it without the rule.

2. The next point urged by appellant goes to the question of the husband's negligence, and whether or not the said negligence, if any, was the proximate cause of the accident. The accident in question happened in the county of Los Angeles, the exact location being at or near the intersection of two streets known as Ventura Boulevard and Sepulveda Boulevard. Ventura Boulevard runs in a general easterly and westerly direction, while Sepulveda Boulevard runs in a general northerly and southerly direction. The boulevards named intersect but do not intersect at right angles. Without diagraming the locality, it will be visualized by stating that the northwest corner of the intersection would be a short distance westerly from due north of the southwest corner of the intersection.

On the day of the accident plaintiff and her husband were driving easterly on Ventura Boulevard, and defendant was driving westerly on the same; plaintiff was on the southerly side of the road and defendant on the northerly. The evidence discloses, at least sufficiently for all purposes here, that defendant was driving at a speed in excess of that fixed by the statute for intersections, and in this respect was guilty of negligence. When the car of plaintiff approached Sepulveda Boulevard it was the intention of the husband, who was driving, to make a left turn to go northerly into Sepulveda. Accordingly, he gave a signal indicating his intention. This was about fifteen feet west of the point where the westerly line of Sepulveda intersects the southerly line of Ventura. The entire record leaves undisputed the fact that the driver of plaintiff's car, for reasons best known then to himself, decided that it would be a rather roundabout way of getting into Sepulveda if he were to drive on to the southerly intersection and make his turn to the right of the center. Accordingly, the undisputed evidence discloses, when he reached this point some fifteen feet westerly from the southerly intersection, he turned his car northerly and directed his course directly toward the northwest corner of the intersection. In doing this he, according to the testimony, darted swiftly across the street and directly into the line of west-going traffic on Ventura, colliding with the car of defendant and causing the accident. ■ The only justification urged for this act by appellant, is that if the driver went to the intersection and then turned properly

around the center point, he would to some extent be retracing his course. Upon analysis, appellant's argument in this behalf is to the effect that it was easier and more direct to make the crossing direct than it was to make it in compliance with the statute. We do not deem it necessary to review the entire law of negligence as each case arises.

The statute (California Vehicle Act, sec. 129) applicable at the time provides, among other things, that one turning to the left at an intersection shall pass beyond the center of such intersection, passing as closely as practicable to the right thereof before turning such vehicle to the left. And the statute further provides as follows: "For the purposes of this section the center of such intersection shall mean the meeting point of the medial lines of the highways intersecting each other." The intent of the legislature is plain. No matter at what angle two streets intersect the definition given locates and determines the center, and the phrasing of the statute clearly indicates that the legislature intended to include all intersections, whether at right angles or otherwise. Appellant faintly argues the custom. It is, however, but argument. The record discloses nothing supporting the argument that it was customary for traffic to violate the law, nor does it disclose that this custom, inferentially created through the physical peculiarities of the ground, was known to defendant or that the circumstances shown to exist could charge him with a knowledge thereof. (*Reinders* v. *Olsen*, 60 Cal. App., at p. 771 [214 Pac. 268].)

The facts incontrovertibly show negligence on the part of the said driver of plaintiff's car. It is needless to repeat that the said driver was the husband of plaintiff. It clearly appears that the driver was guilty of negligence. The turning of his automobile, as he did, directly and suddenly across the street immediately in front of defendant's oncoming automobile, was an act of rashness, which even in the absence of the statute constituted gross negligence and an utter disregard for the safety of himself, the plaintiff or the defendant. That this negligence contributed proximately to the accident cannot be gainsaid. *Cook* v. *Miller*, 175 Cal. 497 [166 Pac. 316], seems clearly to cover the instant case. There it was found that both parties to the accident were at the time violating the law. The court says: "The defendant was under no necessity of 'cutting across the corner'. The ordi-

nance required him to go around to the right of the intersection, and it was legal negligence for him to do otherwise under the circumstances. (Citing cases.) The plaintiff was also violating the ordinance in swerving to the right to pass the laundry wagon instead of to the left. . . . If he had not passed to the right of the wagon he would not have struck the automobile. So, also, if the defendant had turned the corner by going to the right of the intersection, his automobile would not have been struck. . . . The disobedience of the ordinance by both of them brought on this accident. It was the result of their concurrent negligence, the negligence of each was a proximate cause and each contributed to the injury.''

 3. Finally, appellant urges the law of the last clear chance. There seems to be much confusion regarding the application of this doctrine. By quoting excerpts from decisions and shaping up facts to meet these fragmentary statements, there is being developed or there is an effort being made to develop a rule, the true effect of which will be to substitute the rule of comparable or comparative negligence for the rule of last clear chance. Such was never the intent of the courts. In our own state we have declined to accept the comparative negligence idea and as often as it has been offered for approval it has been rejected.

The facts of the instant case do not invoke the application of the last clear chance rule. The elements necessary to be present are outlined in the case of *Palmer* v. *Tschudy,* 191 Cal. 696 [218 Pac. 36, 37]. Quoting from page 700, we find the following: ''The last clear chance rule presupposes: that the plaintiff has been negligent; that as a result thereof she is in a situation of danger from which she cannot escape by the exercise of ordinary care; that the defendant is aware of her dangerous situation under such circumstances that he realizes or ought to realize, her inability to escape therefrom; that he then has a clear chance to avoid injuring her by the exercise of ordinary care, and fails to do so. If all of these elements are present the rule applies and enables the plaintiff to recover, notwithstanding her own negligence. But if any of them be absent the rule does not apply and the case is governed by the ordinary rules of negligence and contributory negligence.'' And in *Young* v. *Southern Pac. Co.,* 189 Cal. 746, page 755 [210 Pac. 259, 262], the court in dis-

cussing the doctrine of last clear chance, says: " . . . the doctrine of last clear chance excludes from the operation of its underlying principles every case wherein it may be said that the negligence of the injured party was contemporaneous, concurrent, and continuing and contributory with the negligence of the party inflicting the injury." (Citing many authorities.) Applying these decisions to the case at bar we find nothing which invokes the doctrine of last clear chance. The testimony discloses defendant traveling at a rate of speed of forty miles per hour through the intersection on the northerly side of Ventura Boulevard, traveling west; plaintiff's car is traveling east on the south side of the same street. When approximately twenty-five feet apart, plaintiff's car suddenly and swiftly crosses from a point of safety directly in front of the car of defendant. Prior to the happening, there was nothing to indicate to defendant any peril surrounding plaintiff, nor was the latter in any place of danger. True, plaintiff's driver had given a signal indicating a turn, but such a signal given within fifty feet of the place designated by law for the turn would indicate nothing more than plaintiff's intention to make a legal turn.

Plaintiff sued to recover for injuries sustained by herself and also, in her capacity as executrix of her husband's estate, to recover damages resulting from his death. A nonsuit was granted as to both causes of action and against plaintiff in both capacities. We conclude that the action of the trial judge was proper and therefore the judgment in its entirety is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 5, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 3, 1931.