**TRAGLIO et al. v. HARRIS.**

No. 9028.

Circuit Court of Appeals, Ninth Circuit.
June 9, 1939.

Rehearing Denied July 17, 1939.

STEPHENS, Circuit Judge, dissenting.

————◆————

Rehearing denied; STEPHENS, Circuit Judge, dissenting on grounds expressed in his dissenting opinion of June 9, 1939.

Maguire, Shields & Morrison, Hugh L. Biggs, and Donald K. Grant, all of Portland, Or., for appellants.

Morton & Ekwall and C. W. Kirk, all of Portland, Or., for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

HANEY, Circuit Judge.

Appellants present for review a judgment rendered against them in an action brought by appellee to recover for personal injuries sustained in an automobile accident as the result of appellants' alleged negligence.

Appellee, her husband and her son were at all times material herein, residents and citizens of California, and were riding in an automobile, which, under California law, was community property of the husband and appellee, and which was being driven by the son in Oregon. A collision occurred in Oregon with a truck being operated by, or under the direction of appellants, as a result of which both the husband and wife sustained injuries. The husband and wife filed separate actions in the court below against appellants to recover for the injuries sustained. Appellants answered, alleging that at the time of the accident, the son was driving the automobile "as agent for" appellee, was contributorily negligent, and that such contributory negligence was the proximate cause of appellee's injuries.

The two actions were consolidated for trial. It is conceded that "substantial evidence was introduced by each of the parties tending to prove due care on his or

her own part and negligence on the part of the operator of the other vehicle in the respects charged in their respective pleadings". The trial court instructed the jury that if the son was guilty of contributory negligence, then the husband could not recover, on the theory that the son's negligence was to be imputed to the husband, but instructed the jury that they were not to consider the negligence of the son in appellee's case. Appellants excepted to the latter instruction. Appellants requested, and the trial court refused, an instruction that if the son was negligent "and if such negligence was the proximate cause of the accident and injuries sustained by [appellee], your verdict should be for" appellants.

■ With respect to this last mentioned instruction, appellants now contend that such instruction was that if the son's negligence was the "sole" cause of the injury, then appellants were not liable. If that was what was intended by such instruction, it certainly was vaguely stated. No such point was raised in the trial court, and consequently will not be considered here.

Appellants also requested, and the court refused, certain instructions hereinafter considered.

The jury returned a verdict against the husband, in his action, and for the wife in her action.

The theory of appellee is that under the Oregon law, the negligence of a child cannot be imputed to the mother unless the mother exercised control over the child. Marshall v. Olson, 102 Or. 502, 202 P. 736; Macdonald v. O'Reilly, 45 Or. 589, 78 P. 753. Appellants' theory is that under the California law, the negligence of the child is imputed to the father, and since any recovery of the wife is for the benefit of the community, recovery must be denied the wife, because to grant recovery would permit the husband to benefit by his own wrong. McFadden v. Santa Ana, etc., Ry. Co., 87 Cal. 464, 467, 25 P. 681, 11 L.R.A. 252; Solko v. Jones, 117 Cal.App. 372, 3 P.2d 1028. The question argued relates to whether the Oregon law is applicable—appellee contending that it is—or whether the California law is applicable. Appellants contend that the California law is applicable, on the theory, that the ownership of the cause of action is determinative here, and that such determination must be found in the application of the law in California. It is further asserted that application of California law to the question of such ownership discloses that such a cause of action is owned by the community, thus bringing into operation the rule of the California cases cited. Of course, appellants' entire theory is based on the assumption that the jury found as a fact that the son was guilty of contributory negligence.

■ It may be doubted if the question argued is in fact raised. The conclusion that the jury found as a fact that the son was guilty of contributory negligence, does not necessarily follow. It may have returned a verdict against the husband on the ground that he failed to show any injury. The record is wholly silent as to whether the husband was or was not injured. The instructions given over objection of appellants, and those requested by appellants, but refused by the court, all raise the question as to whether negligence of the son should be "imputed" to appellee so as to make her guilty of "contributory" negligence, but as will be seen, such a question is determined by the Oregon law.

However, since the parties have assumed that the son was negligent, and since under the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the record might be supplemented and corrected, we assume for what is hereinafter said, that the son was negligent.

■ The place of the alleged wrong, in the instant case, was Oregon. Restate. of the Law, Conflict of Laws, 454, § 377. Whether a cause of action accrued to appellee is to be determined by the law of the place of the wrong. The Scotia, 81 U.S. 170, 184, 14 Wall. 170, 184, 20 L.Ed. 822. As said in Cuba R. R. Co. v. Crosby, 222 U.S. 473, 478, 32 S.Ct. 132, 56 L.Ed. 274, 38 L.R.A.,N.S., 40: "* * * With very rare exceptions the liabilities of parties to each other are fixed by the law of the territorial jurisdiction within which the wrong is done and the parties are at the time of doing it. * * * That, and that alone, is the foundation of their rights". See, also, Slater v. Mexican National R. R. Co., 194 U.S. 120, 127, 24 S.Ct. 581, 48 L.Ed. 900; Young v. Masci, 289 U.S. 253, 258, 53 S.Ct. 599, 77 L.Ed. 1158, 88 A.L.R. 170; 2 Beale, The Conflict of Laws, 1288, § 378.1, 1289, § 378.2, where it is said that "the law of the place of wrong determines whether or not there is a cause of action for the wrong". Such is the law in Oregon. Dryden v. Petton-Armstrong Co., 53 Or. 418, 422, 101 P. 190.

Application of that rule discloses the existence of a cause of action in the wife, unless liability does not exist in Oregon because of an alleged rule that recovery will be denied where it will permit one to benefit by his own wrong. We may assume, without so deciding, that in Oregon it is or will be held that recovery will be denied the wife, in such a case, if the husband is guilty of contributory negligence and will obtain the benefit of the recovery. The question as to whether he will so benefit is, we think, to be determined by the law of Oregon, since such a question must be decided in determining whether a cause of action arose.

Appellants contend that we must look to the law of California to determine who owns the cause of action. Exactly in point, as to both propositions last mentioned, is Texas & Pacific Ry. Co. v. Humble, 181 U.S. 57, 21 S.Ct. 526, 45 L.Ed. 747, where a married woman in Arkansas was travelling there on a journey to her husband domiciled in Louisiana, and was injured in Arkansas. The court said, 181 U.S. at page 60, 21 S.Ct. at page 528, 45 L.Ed. 747:

"But it is said that under the laws of Louisiana compensation for personal injuries to a married woman belongs to the husband; that he alone can sue therefor. * * *

"However, whether the objection be that under the laws of Louisiana she could not recover in her own name at all, or could not, except her husband was a co-plaintiff, because the damages claimed were community property, we agree with the circuit court of appeals that plaintiff's rights in suing in Arkansas for an injury sustained there did not differ from those of any married woman domiciled in that State; that the legislature of Arkansas had determined by whom a suit might be brought for personal injuries sustained by a married woman; had enlarged the rights of married women in respect of damages recoverable by them on account of personal injuries sustained within the state; and that these laws necessarily enured to the benefit of every married woman who subsequently sued in the courts of the state for personal injuries there sustained, and must be held to have been intended to have, and to have, a uniform operation throughout the state."

The force of these statements, when so deliberately made on the precise point, may not be destroyed by calling it "dicta". It is inconceivable that recovery would be permitted where the point urged was sound, even though the "dicta" considered it unsound.

We think this principle is sound. A cause of action is the unlawful violation of a right which the facts show". Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 321, 47 S.Ct. 600, 602, 71 L.Ed. 1069; Hurn v. Oursler, 289 U.S. 238, 246, 53 S.Ct. 586, 77 L.Ed. 1148. When appellee entered Oregon she was extended by that state the right to proceed along the highway without injury by negligent conduct of appellants, regardless of whether or not her husband was also negligent—a right not extended to her by California. She sues for a violation of the Oregon right. It would be a strange situation to determine the existence and extent of the right by reference to the law of a state which did not recognize such a right. It seems apparent that the existence and extent of such right should be determined by the law of the state which extends it. We think a contrary rule, as applicable here, is unsound. The theory that the cause of action is "property" has been criticized (1 Cal.L.Rev. 296, 297; 2 Cal.L.Rev. 161, 162) as has been the rule denying recovery by the wife where the husband is guilty of contributory negligence. 24 Cal.L.Rev. 739.

What has been said relates to the two points mentioned insofar as they prevent a cause of action from arising, such points being (1) whether recovery by the wife would "benefit" the husband; and (2) ownership of the cause of action. See Restate., supra, 471 § 385(e). Considering them as defenses only, it seems quite clear that they are to be determined by Oregon law. The applicable rules regarding contributory negligence are those of Oregon (Restate., supra, § 385; 2 Beale, The Conflict of Laws 1298, § 385.1) as are the rules regarding imputed negligence. 2 Beale, supra, 1299, § 385.2. The defense that appellee did not own the cause of action, or that recovery would benefit her husband, would, we think, in the situation disclosed here, be tested by the law of Oregon, on the same principle as are contributory and imputed negligence.

Affirmed.

442

STEPHENS, Circuit Judge.

I dissent.

Appellee, a married woman, domiciled in California, sued in the United States District Court for the District of Oregon to recover damages for personal injuries resulting from an automobile accident which occurred in Oregon during the summer of 1936. The action was consolidated for trial with an action by her husband against the same defendants for his personal injuries growing out of the same accident. Judgment was given the defendants in the husband's case. In the instant case the plaintiff wife was awarded damages in the amount of $11,409.91. This is an appeal by the defendants from the judgment in favor of the wife. ·

The automobile in which plaintiff was riding at the time of the accident was being driven by the minor son of the plaintiff and her husband. In both the action by the husband and the action by the wife, the defendants pleaded contributory negligence as a bar. In the wife's case the issue of contributory negligence was not submitted to the jury. It is the contention of the defendants that this was error—that if the defense of contributory negligence had been submitted to the jury in the wife's case, as it was in the husband's case, the jury would have found for the defendants as they did in the husband's case.

The answer filed by the defendants in the instant case alleged as a separate defense, inter alia, the marital relation and that C. L. Harris and his wife were residents of California; that the automobile in which they were riding at the time of the accident was their community property; that at the time of the accident the automobile was being driven by their son as agent for his parents; that at the time of the accident plaintiff was guilty of negligence through the acts of her agent, which contributed to and was the proximate cause of the accident.

After the hearing of the evidence in the case, and before the matter was argued or submitted to the jury, the defendants requested instructions to the effect that contributory negligence of the driver of the car would bar recovery by the wife. The basis of the argument by counsel in support of such requested instructions was that, under the California community property laws the cause of action for the wife's injuries belonged to the community; that the negligence of the driver of the car would

be imputed to the husband on an agency theory; and that the husband's negligence would bar recovery by the wife, for the reason that to hold otherwise would violate the canon that a person should not be allowed to profit by his own wrong. The requested instructions were refused. On motion for a new trial the District Court held that there had been a variance in the defendants' case—that under the defense as pleaded the instructions requested were not proper. The Court did not consider whether or not the requested instructions would have been proper under the defense as argued in connection with the instructions.

Before deciding whether the requested instructions should have been given under the defendants' second theory of defense, it is necessary to determine whether or not there was a fatal variance in the defendants' case (a defense not noticed in the majority opinion). At this point it should be mentioned that the defendants do not contend that the instructions were proper under their first theory. That theory, as I have said, was that since the automobile in which the plaintiff and her husband were riding was community property, it belonged equally to them and therefore the driver of the car was the agent of both the plaintiff and her husband, and that his negligence should be imputed to both. This theory overlooks Section 172 of the California Civil Code, which provides that the husband has the management and control of community personal property. Since the automobile was under the management and control of the husband, it could not properly be said that the driver of the car was presumed to be the agent of the wife.

It should be noted first that all the facts necessary to the defense now being urged on appeal came in without objection at the trial. Whether they were admissible under the answer as filed it is not necessary to now decide. Neither is it necessary to decide whether there was a variance between the pleading and the proof, for Section 1-901 of the Oregon Code 1930 provides that no variance between the allegation of the pleading and the proof shall be deemed material unless it has actually misled the adverse party to his prejudice, and no prejudice has been shown here. The theory upon which the defendants now rely was presented to the court prior to the arguments to the jury and prior to the instructions to the jury. There is no show-

ing in the record that any objection or claim of surprise was made.

Courts uniformly follow the rule that liability for tort depends upon the law of the place of the injury. Young v. Masci, 289 U.S. 253, 258, 53 S.Ct. 599, 77 L.Ed. 1158, 88 A.L.R. 170. It is therefore necessary to look to the laws of Oregon to determine whether or not a cause of action arose from the acts of the defendants. The law of the place of the tort also determines whether or not the contributory negligence on the part of the plaintiff will be a bar to the action, and whether or not negligence will be imputed on any grounds to the plaintiff.

The Oregon law applies the rule that contributory negligence on the part of a plaintiff will bar a recovery. The real dispute here is as to whether the husband's contributory negligence will bar the wife's recovery. Unquestionably, if we must depend on the theory of imputation of negligence, we would have to apply the Oregon law, and it is clear that under the laws of that state the marital relationship alone does not make the husband the agent of the wife, so as to charge her with the husband's contributory negligence. Marshall v. Olson, 102 Or. 502, 511, 202 P. 736. However, I believe that the Oregon courts would apply the rule that one may not profit by his own wrong to bar the wife's recovery because of the husband's contributory negligence, if by the applicable law in a given instance the husband were a direct beneficiary of the cause of action for his wife's injuries. Although I have discovered no Oregon case where in a tort action recovery was denied because of the contributory negligence of one not a party to the action but who would directly profit if recovery were allowed, there are expressions in Macdonald v. O'Reilly, 1904, 45 Or. 589, 78 P. 753, 754, which indicate that the Oregon courts would so hold if such a case were presented.

In the cited case the action was brought by a father, as administrator of his child's estate to recover for the child's death. An argument was made that since the father was by law the sole heir of his child, and would inherit his estate "his contributory negligence ought to bar a recovery on the ground that he should not be permitted to profit by his own wrong". The court held it unnecessary to decide that question since there was no evidence that the father's negligence contributed to the death of the child. But in refusing to impute the con-

tributory negligence of the mother to either the child or the father to bar recovery the court took occasion to say that, "* * * the contributory negligence which will bar a recovery must be that of the person from whom the cause of action is derived, or the beneficiary or some one standing in such a relation to the beneficiary that the maxim, 'Qui facit per alium facit per se,' may be invoked." 45 Or. 589, 78 P. at page 754.

In the absence of Oregon law directly on the point the courts of that state would be strongly influenced by the decisions of courts of sister states. Consequently, it is significant that in every case which has come to my attention such courts have held that the contributory negligence of the husband barred recovery for the wife's injuries where either the husband or the community would directly profit by such recovery. Such was the decision in Pennsylvania R. Co. v. Goodenough, 1893, 55 N.J.L. 577, 28 A. 3, 22 L.R.A. 460 where the court decided that under the common law of New Jersey any recovery for injury to a married woman inured to the husband's benefit. And the same result has been reached in every community property state in which the question has been raised, except in Louisiana where by statute the damages recoverable are now made the separate property of the wife. [This statute was enacted subsequent to the decision of the case of Williams v. Pope Manufacturing Co., infra.] Pacific Construction Co. v. Cochran, 1926, 29 Ariz. 554, 243 P. 405; McFadden v. Santa Ana, etc., Ry. Co., 87 Cal. 464, 467, 25 P. 681, 11 L.R.A. 252, 253; Giorgetti v. Wollaston, 83 Cal. App. 358, 257 P. 109, 111; Solko v. Jones, 117 Cal.App. 372, 3 P.2d 1028, 1029; Missouri P. R. Co. v. White, 1891, 80 Tex. 202, 15 S.W. 808; Dallas R. & Terminal Co. v. High, 1937, 129 Tex. 219, 103 S.W. 2d 735; Northern Texas Traction Co. v. Hill, 1927, Tex.Civ.App., 297 S.W. 778; Bostick v. Texas & P. R. Co., 1935, Tex. Civ.App., 81 S.W.2d 216; Ostheller v. Spokane & I. E. R. Co., 1919, 107 Wash. 678, 182 P. 630; Southern Pac. Co. v. Day, 1930, 9 Cir., 38 F.2d 958; cf., Vitale v. Checker Cab Co., 1928, 166 La. 527, 117 So. 579, 59 A.L.R. 148, 151.

I conclude the law of Oregon to be that the contributory negligence of a third party who will directly benefit by reason of a recovery will operate to prevent such recovery. Under the Oregon law a married woman is fully emancipated. The cause

444

of action for her personal injuries is her separate property, as are the proceeds of recovery therefor. Kosciolek v. P. Ry., Light & Power Co., 81 Or. 517, 522, 160 P. 132; Bosma v. Harder, 94 Or. 219, 227, 185 P. 741; Oregon Code, 1930, §§ 33-201 to 33-215. On the other hand, the California law is clear that a cause of action for the wife's injuries is owned by the community, as are the proceeds of recovery therefor. McFadden v. Santa Ana, etc., Ry. Co., supra; Giorgetti v. Wollaston, supra; Solko v. Jones, supra. Therefore the ultimate question (not to be confused with the question as to who is entitled to bring the action, which is one of procedure only and is determined by the law of the forum) is: What law is applicable to determine the ownership of the cause of action and of the proceeds thereof for the injury to the wife?

My research has failed to disclose any case exactly parallel with this case, where the court has been called upon to decide whether the ownership of a cause of action for injuries sustained in a non-community property state is determined by the law of the community property state of which the injured party was a resident. However, American Jurisprudence, Vol. 11 at page 376, Conflict of Laws, Section 89, adopts the rule in the converse situation, that "where the right of action for a personal injury to the wife constitutes her separate property according to the law of the matrimonial domicile and the wife is injured while temporarily within another state, that law (of her domicil) has been held to govern her rights in such cause of action."

In 31 Corpus Juris, p. 15, under § 1027 of the article on Husband and Wife, the writers point out that the law of the domicil of the parties applies to determine the question of ownership of personal property. They then state, "Under this rule it has been held that a right of action for personal injuries received in a community state is not within the operation of its laws, but is controlled by the laws of the state of plaintiff's domicile."

The Restatement of the Conflict of Laws states the rule as follows (Section 290): "Interests of one spouse in movables acquired by the other during the marriage are determined by the law of the domicil of the parties when the movables are acquired."

In Section 208 of the Restatement the writers state that the word "movables" as used therein refers to all kinds of personal property, whether tangible or intangible.

Turning now to such cases as I have been able to discover bearing on the question, the leading case relied on by Corpus Juris and American Jurisprudence in support of the rule quoted above is Williams v. Pope Manufacturing Co., 52 La.Ann. 1417, 27 So. 851, 861, 50 L.R.A. 816, 78 Am.St.Rep. 390. In the cited case a married woman domiciled in Mississippi (a separate property state) was injured in Louisiana (a community property state). Under the Louisiana law, property acquired in Louisiana was deemed to be community property, and the husband alone, as head of the community, was the only person entitled to maintain an action thereon. Under the Mississippi law, the injured party was entitled to sue as the sole owner of the cause of action. The court said, "If it [the cause of action] is to be treated and considered as personal property, its legal situs is at the matrimonial domicile of the plaintiff in the state of Mississippi, and for that reason cannot be considered as a community asset with its domicile in the state of Louisiana; and, being a debt, or chose in action, it belongs and attaches to the person of the plaintiff, follows her wherever she goes, and possesses no other situs than such as she is pleased to give it. Entertaining this view with regard to the demand of the plaintiff, and finding that in respect to the enforcement of same she is a person sui juris under the law of Mississippi, in which state her matrimonial domicile exists, our opinion is that she must be recognized as possessing legal capacity to institute and prosecute this suit in her own name * * *."

I think that this case is authority for the proposition that the forum will look to the domicile of the plaintiff to determine whether or not he or she is the owner of the cause of action. Appellee, however, has picked out the portion of the above quotation reading "and, being a debt, or chose in action, it belongs and attaches to the person of the plaintiff, follows her wherever she goes, and possesses no other situs than such as she is pleased to give it", and contends that the case is authority for the proposition that the plaintiff may give the cause of action any situs she wishes; that in the instant case the plaintiff chooses to give the cause of action a situs in Oregon. I do not think that the case can be so construed, taking the opinion as an entirety. The court is saying that

the cause of action follows the person of the plaintiff, and its situs is determined by whatever domicile the plaintiff had chosen for herself at the time the cause of action arose.

Appellees have cited the case of Texas & P. Ry. Co. v. Humble, 181 U.S. 57, 21 S.Ct. 526, 527, 45 L.Ed. 747, which the majority opinion holds determines the present issue. The facts of that case as stated by the Supreme Court, were as follows:[1] "The evidence, in addition to establishing the circumstances of the infliction of the injury, tended to show that Mrs. Humble [plaintiff] had been a resident of Arkansas for nearly ten years; that she had kept a boarding house and a hotel at Pine Bluff, in said state, for some years, conducted by her as her sole and separate business and in her name, until she left Pine Bluff for Texarkana, in October, 1897, where she remained until April 9, 1898, and during this time began to run a hotel, but became temporarily ill, and gave it up. Her husband had taken up his residence in Louisiana at the time of the injury, and she had then started to go to him."

The injury in question occurred in Arkansas by the alleged negligence of the defendant railway company. The action for damages was removed to the United States District Court in Arizona. It was argued by the defendant that the husband of the plaintiff should have been joined as party plaintiff, since the cause of action was community property under the laws of Louisiana. The majority opinion quotes the language of the Supreme Court in answer to that contention. A careful reading of the quoted portion of the opinion of the Supreme Court will show that the court was not concerned with the question of the ownership of the cause of action, but that the primary point under consideration was as to the proper party plaintiff—a matter of procedure which it is uniformly held is to be determined by the law of the forum. This is pointed out by the editors of L.R.A. in their comment on the case [29 L.R.A., N.S., at page 783], wherein they state, "The court, however, does not decide that the damages recovered in the action would not be community property in accordance with the lex domicilii."

The majority opinion holds that the ownership of the cause of action for the purpose of determining the parties who will benefit thereby is to be decided by the law of the place where the accident occurred. Thus, in order to be consistent, they would hold that in an accident in California occurring to an Oregon resident, the contributory negligence of the spouse of the plaintiff would bar recovery, on the ground that the proceeds of the cause of action would be community property—this in spite of the fact that Oregon, the state of matrimonial domicile, has by statute fully emancipated the wife, and has stated that the community property laws shall not apply to its residents. This I think would be directly opposed to the reasoning and ruling in the case of Williams v. Pope Manufacturing Co., supra, and points out the fallacy in the opinion of the majority. (See reference supra to citations regarding converse of situation here under consideration.) I think that the majority have fallen into the error of failing to distinguish between the arising of a cause of action and a defense thereto. This is indicated by the following quotation taken from the opinion: "The question as to whether he [the husband] will so benefit is, we think, to be determined by the law of Oregon, since such a question must be decided in determining whether a cause of action arose."

It seems to me advisable to state in connection with this case that the trial court did not mean to express itself at all upon the question as to whether the Oregon or the California law should apply in determining the ownership of the cause of action, and that this case should not be recorded in the reported cases so as to be misleading on that point. The trial judge's intention is revealed in his remarks relative to his denial of the motion for a new trial, as follows:

"I am impelled to the conclusion that the defense which is now urged [community ownership of the cause of action] is not the defense that was pleaded. That Mrs. Harris's son was her agent, and that his contributory negligence was her contributory negligence was pleaded. That Mr. Harris's contributory negligence (through his son as his agent) should be imputed to Mrs. Harris, for reasons of public policy, growing out of Mr. Harris's control of his wife's cause of action and

---

[1] The facts are given in greater detail in the opinion of the Circuit Court of Appeals, 8 Cir., in 97 F. 837.

the proceeds thereof, is the defense now urged. These are not the same.

\* \* \* \* \* \*

"Defendants' attorneys no doubt had their own reasons for not desiring to amend their answer to include the defense of imputed negligence, based on considerations of public policy, and arising from the husband's control of the wife's cause of action. Had they so amended, a different situation would be presented, but as matters now stand, it is clear to me that I cannot, after verdict, stretch the defense of the *son's* agency, as pleaded, based on the mother's community interest in the *automobile,* to a defense of imputed negligence, based on considerations of public policy, growing out of the *husband's* interest in the wife's *cause of action.*

"For these reasons, the motion for new trial is overruled. \* \* \* Since I am disposing of this case on other grounds, decision must wait another time as to whether a married woman, domiciled in a community property state, where the husband has by the law sole control of the community property, can be charged with her husband's negligence occurring (through his agent) in Oregon. The heavy tourist travel to Oregon, attracted by the matchless scenery and incomparable climate of the state, coupled with the state's system of modern highways, makes the question a very practical one, one certain to recur, it would seem, at an early date." [Italics the court's.]

I, of course, recognize the rule that the judgment of the trial court should be affirmed if it is correct on any theory supported by the record. However, it would seem that the decision of this court in affirming the judgment should indicate that it is doing so on a theory other than that of the trial court, so that the case can be properly evaluated as authority. Otherwise a reader of the opinion would come to the conclusion that the District Court has expressed itself as to the Oregon law on a point upon which that court as a matter of fact expressly declined to rule.

I think that the question of the ownership of the cause of action for the injuries to the plaintiff should have been determined by the California law, and that the trial court therefore erred in excluding from the jury the question of the contributory negligence of the husband of the plaintiff, through the driver of the car. There was evidence sufficient to justify the submission of this issue to the jury.