Hazel **MILLER** and Floyd P. Miller, wife and husband, Plaintiffs,

v.

**John T. ASHTON, Defendant.**

No. 1989.

United States District Court
D. Idaho, E. D.

Oct. 2, 1957.

Zener & Bogert, Pocatello, Idaho, for plaintiff.

Merrill & Merrill, Pocatello, Idaho, for defendant.

FRED M. TAYLOR, District Judge.

This case is presently before the Court on the defendant's motion to dismiss.

The plaintiff, Hazel Miller, a married woman domiciled in Nebraska, commenced this action to recover for personal injuries allegedly suffered in an accident involving the collision of the auto in which she was riding with that driven by the defendant. The car in which plaintiff was riding was driven by her husband, Floyd P. Miller.

The defendant moves to dismiss on the ground that plaintiff's husband is an indispensable party plaintiff.

The defendant takes the position that the rights of a married woman growing out of a tort committed in the State of Idaho can be no greater than those of a married woman living in Idaho; and that it is the law in Idaho that the husband must be joined as a plaintiff in an action to recover for personal injuries to the wife.

It is the position of the plaintiff that the right of action for her personal injuries is her separate property and that she may maintain the action without joining her husband.

Plaintiff urges that under the applicable conflicts of law rule followed by Idaho, the status of personal property as separate or community is governed by the law of the state of domicile. The plaintiff and her husband are domiciled in Nebraska, and under the laws of the State of Nebraska a cause of action for a tort injury to the wife is her separate property. In Idaho a wife may maintain an action in her own name for injuries to the separate property without joining her husband. A case succinctly stating the position urged here by plaintiff and holding in accordance therewith is Bruton v. Villoria, 1956, 138 Cal.App.2d 642, 292 P.2d 638.

■ Although the position of the plaintiff may recommend itself better to logic, this Court, in the absence of a clear holding by the Idaho Court on the question here involved, is bound by the decision of the Court of Appeals for the Ninth Circuit in Traglio v. Harris, 1939, 104 F.2d 439, 127 A.L.R. 803, and that of the United States Supreme Court in

Texas & Pacific Ry. Co. v. Humble, 181 U.S. 57, 21 S.Ct. 526, 45 L.Ed. 747.

In the Traglio case, 104 F.2d at page 441, the court cited the following language from the Humble case:

"* * * (We) agree with the circuit court of appeals that plaintiff's rights in suing in Arkansas for an injury sustained there did not differ from those of any married woman domiciled in that State * * *"

■■ Under the law of Idaho a married woman domiciled in the state and injured in the state must, if demand is made, join her husband in an action to recover for her personal injuries. In Muir v. City of Pocatello, 36 Idaho 532, at page 539, 212 P. 345, at page 347, it is stated:

"Undeniably C.S. § 4666,* gives the husband the management and control of the community property, and C.S. § 4660,* makes a recovery for injuries to the person or character of a married woman community property. Therefore it would seem to follow that the husband is not only a proper, but a necessary, party to bring this action."

In Redfern v. Collins, D.C.E.D.Tex. 1953, 113 F.Supp. 892, the plaintiff, a married woman domiciled in Colorado, sought to bring action for injuries suffered by her in an accident in Texas. The court held that the Texas law controlled and that the husband was a necessary party and must be joined in order for the action to be maintained. The court stated, on page 896, that:

"The Plaintiff's rights in suing herein for her alleged injuries sustained in Texas do not differ from those of any married woman residing in Texas and suing for injuries sustained in Texas. Therefore, the right of action for Plaintiff's alleged injuries and the party, or parties, entitled to prosecute this suit for such injuries are to be determined by the law of Texas. Texas & Pacific R. Co. v. Humble, 181 U.S. 57,

21 S.Ct. 526, 45 L.Ed. 747; W. W. Clyde & Co. v. Dyess, 10 Cir., 126 F.2d 719; and Traglio v. Harris, 9 Cir., 104 F.2d 439."

In accordance with the foregoing it is ordered that defendant's motion to dismiss be and hereby is granted.