SOPHIA L. BENNETT, ADMINISTRATRIX, ET AL. V. CHARLES C. MCDONALD.

FILED NOVEMBER 9, 1899.   No. 10,422.

1. **Assignments of Error.** Alleged errors must be specifically assigned in a petition in error, or they will not be reviewed.

2. ———: RULINGS ON EVIDENCE. An assignment in a petition in error that the court erred in sustaining an objection to a question of a certain number, found on a page of a designated number, is sufficiently specific to present the ruling for review.

3. **Objection to Testimony.** An objection to testimony on the ground that it is "incompetent, irrelevant, and immaterial" is sufficiently definite and specific.

4. **Insolvency:** CONVEYANCE BY DEBTOR. An insolvent debtor may, if necessary, convey all his property to one creditor in payment of a just debt, although it may defeat the collection of other claims.

5. **Examination of Witness.** Questions propounded to a witness must not assume the existence of a fact not proven in the cause.

6. **Assignments of Error**: RULINGS ON EVIDENCE. An assignment in a petition in error that "the court erred in overruling the objections of plaintiff in error to each of the following questions," giving the number of the question and the page of the record where found, is sufficiently specific to entitle the party to have the same reviewed.

7. **Conversion**: MEASURE OF COMPENSATION. In an action for conversion, the fair market value of the property at the time and place where appropriated, with interest, is the measure of compensation.

8. **Hearsay Testimony.** A witness should not be permitted to give hearsay testimony.

ERROR from the district court of Douglas county. Tried below before DICKINSON, J. *Reversed.*

*Hall & McCulloch,* for plaintiff in error.

*W. W. Morsman, contra.*

NORVAL, J.

At the September term, 1897, an opinion was filed in this cause, reversing the judgment of the district court of Douglas county. See *Bennett v. McDonald,* 52 Nebr., 278. During the pendency of the error proceeding, the principal defendant, George A. Bennett, died, and an order was entered in this court reviving the cause in the name of Sophia L. Bennett, as administratrix of his estate. A second trial has been had in the court below, in which the defendants were again successful, and they have again brought the record here upon numerous assignments of error.

George A. Bennett was sheriff of Douglas county, and, in his official capacity, levied upon property claimed by Charles C. McDonald a certain writ of attachment issued out of the district court of said county, in a cause therein pending, wherein Charles L. Chaffee was plaintiff and one W. L. Irish was defendant. Irish had owned the chattels seized under the attachment writ, and, while such owner, executed to McDonald two bills of sale conveying the

property. The latter instituted this action for conversion against the sheriff and the sureties upon his official bond. The bills of sale are assailed as being fraudulent and void as to the creditors of Irish. The validity of such transfers was the principal issue in the cause.

The assignments of error first argued in the brief of defendants below relate to the rulings of the trial court upon the admission and rejection of testimony. Of those assignments in the petition in error, it is contended by counsel for plaintiffs that they are too indefinite to require any notice to be taken thereof. Consideration will be first given to this contention. The first assignment in the petition in error—and the others are like unto it—is in this language: "The court erred in sustaining the objection made by the defendant in error to each of the following questions, to-wit: (a) Question number 1655, as found on page 189; (b) question number 1711, as found on page 196." The argument of counsel is that this assignment is not sufficiently specific, because it does not of itself "afford the least idea of what the alleged erroneous ruling is, and seems to have been framed upon the theory that it is sufficient to state where, in the record, this court can, by its own diligence, find the erroneous ruling." *Redman v. Voss*, 46 Nebr., 512, and *Phœnix Ins. Co. v. King*, 54 Nebr., 630, are brought forward to support the contention of counsel. In the first of these cases the assignment was "that the court erred in admitting irrelevant, immaterial and incompetent testimony"; and in the other case the assignment read, "The court erred in rejecting and refusing evidence offered on behalf of plaintiff in error, as appears at record, pages 209, 209½, 210, 211, 212, 216, 216½, 217, 220, 223, 224, 230, 238, 239, 240, 241, 243." Both assignments were held to be insufficient and too indefinite. But neither of these decisions would justify us in holding bad the assignment of error in the case at bar. In neither of the cases mentioned did the assignment convey the least idea or impression of the ruling relied upon for reversal, while here the assign-

ment challenges the attention of the court to the ruling made on a specified, numbered question found on a specified page. The assignment is as specific and certain as though the identical question had been copied into the petition in error, and does not leave in doubt or uncertainty the ruling of which complaint is made, as was the case in *Redman v. Voss*. The uniform holdings of this court require that alleged errors be specifically assigned in the petition in error, and the assignment assailed in this case, measured by that rule, is not bad; but it is urged that the assignment does not designate the page of the record where the question referred to in the assignment may be found. This is hypercritical. The number of the page mentioned in the assignment unquestionably refers to the page of the record in the cause, as that alone is before us to review. In the bill of exceptions the questions propounded to witnesses are numbered progressively, commencing with 1, and the pages are likewise numbered. To hold the assignment in question bad would be the adoption of a rule of practice entirely too technical, and which would not assist in the proper administration of justice.

Many of the objections interposed by the defendants to questions propounded to witnesses by opposing counsel were made on the ground that the testimony was irrelevant, incompetent and immaterial. It is urged that these objections were too general, in that they did not specify the particular grounds upon which the court was requested to exclude the answer to the questions. This contention is not well taken. See *First Nat. Bank v. Carson*, 30 Nebr., 104.

Question 1653, on page 189 of the bill of exceptions, referred to in the first assignment of error, was put to the plaintiff on cross-examination, and was as follows: "You don't know of any that weren't incumbered. Now then, in view of that fact, do you still say to the jury that you did not know that the effect of the transfers that were being made to you and to Mrs. McDonald would be

to prevent the other creditors of W. L. Irish from obtaining their money?" There was sustained an objection that the question was too immaterial. The ruling was entirely proper. Had McDonald known that the transfer in question had the effect to prevent the other creditors of the vendor from collecting their debt, it would not have invalidated the sales, if they were made in good faith and for a sufficient consideration. If McDonald was in fact a creditor of Irish at the time the transfers were made, he had the undoubted right to secure his claims or receive property in payment thereof, even though other creditors might be thereby prevented from obtaining their money. See *Jones v. Loree*, 37 Nebr., 816; *Brown v. Williams*, 34 Nebr., 376; *Landauer v. Mack*, 39 Nebr., 8; *Hunt v. Huffman*, 41 Nebr., 249. The question was objectionable because it assumed the existence of a fact not proven, as there had been introduced no evidence to show that any transfers of property had been made to Mrs. McDonald.

Question 1711, at page 196 of the bill of exceptions, which was also propounded on cross-examination of plaintiff, reads thus: "You may explain to the jury how it is that you have all of these notes, whether paid or unpaid; all of these receipts, whether yours or Mrs. McDonald's; all of these particular papers that pertain or relate to this deal between you and Mrs. Irish, and you have been unable to produce any other papers pertaining to any other matters in that business which I asked you about yesterday." An objection was sustained to the question, and the witness did not make answer. We are unable to discover that the ruling was erroneous. The question assumed the existence of a fact not proven, namely, that the witness interrogated had failed to produce papers which he had been requested to bring into court. If the witness omitted to produce a single paper counsel for plaintiff has not pointed the same out, and our own efforts have not enabled us to locate it.

We pass to a consideration of matters embraced in the

second assignment in the petition in error. Of this assignment counsel for plaintiff asserts that it is too general to require attention. The assignment assails the "sustaining" of the objections of plaintiff in error to each of the following questions, to-wit: (a) Question number 100, as found on page 15; (b) question number 102, as found on page 16; (c) question number 103, as found on page 16; (d) question number 104, as found on page 16; (e) question number 115, as found on page 18; (f) question number 116, as found on page 18; (g) question number 125, as found on page 19; (h) question number 130, as found on page 20. If the assignment were directed generally against a group of rulings on objections to questions, it would be bad (*Nye & Schneider Co. v. Snyder*, 56 Nebr., 754); but the assignment is to each objection to the several questions designated therein. It is in effect a separate and distinct assignment as to each ruling indicated, and is sufficiently specific to require an examination thereof by this court. We shall not attempt an examination of all the rulings challenged by the second assignment, but those only possessing the most merit.

Charles C. McDonald, the plaintiff below, while testifying in his own behalf, stated that he had an inventory taken of the stock of goods, recently, before the date of the bills of sale, by one Conroy, which inventory was produced and identified; that goods to the amount of $216 were therefore sold, and the remaining goods were levied upon by the sheriff. This question was then propounded to McDonald by his counsel: "State what were your instructions to Mr. Conroy at the time of taking the inventory, with reference to the price at which he should invoice the different items." The defendant objected to the question as immaterial and irrelevant, which objection the court overruled, and McDonald answered: "At cost price; that is, wholesale cost price." The instructions given by plaintiff below to Conroy as to the taking of the invoice were quite immaterial and irrelevant, and

did not tend to establish whether McDonald bought the goods in good faith. The question and answer may have prejudiced the cause of the defendants, in that the jury may have inferred therefrom that the sale was a *bona fide* one. Evidence of the taking of the invoice and prices at which the articles were appraised would have been pertinent and proper, but not so as to the directions given by plaintiff as to the mode of making the invoice.

Question 130, as put to McDonald by his counsel, asked the witness to state the fair, reasonable market value of the goods attached by the sheriff belonging to the stock on May 5, 1893, and at the place where the goods were. The defendants' objections, taken on the grounds of incompetency, immateriality and irrelevancy, the court overruled, and the witness answered: "I consider $2,581.78 would be a fair valuation." Thereupon the defendants moved that the answer be stricken out of the record, because not responsive, which request was denied. This motion should have been sustained, and the overruling thereof was manifest error. It was the fair value of the property the witness was asked to state, and not what he considered it worth. He may have, for reasons personal to himself, considered the property double the value it was actually worth in the market. But a reversal can not be predicated on this error, since the defendants were not prejudiced by the ruling in question. They introduced no evidence on the question of value, and the appraisement of the property made by the sheriff was introduced and read to the jury without objection, which placed the value of the goods seized at $3,195.37— a sum greater than was awarded the plaintiff by the jury. This appraisement was competent evidence of value. See *Maul v. Drexel*, 55 Nebr., 446. The defendants having introduced no evidence in conflict therewith, the ruling now under consideration could not have prejudiced the defendants.

The third and fourth assignments of error also relate to the rulings of the court below on the admission of

Bennett v. McDonald.

testimony.   The following, among others, were the ques-
tions propounded to Mr. McDonald on his redirect ex-
amination:

"Q. 1195. You stated, on cross-examination, that you
did not want to buy the property named in the small bill
of sale.   Just give to the jury an explanation of that.
Just relate the circumstances and conversation between
you and Mr. Irish.

"Mr. McCulloch: We object to what Mr. Irish said, as
incompetent.

"The Court: You may proceed.  The defendant excepts.

"A. But he insisted on my taking the balance; he did
not want to be bothered with it; he wanted to sell the
whole thing.   I finally agreed to take it at the price we
agreed upon.

"Q. 1347. At the time you transferred this note to M.
E. McDonald,—this $200 note, dated June 10, 1887,—
what, if any, agreement was made between M. E. Mc-
Donald and Mr. Irish with reference to that note of June
10, 1887?

"A. When that was assigned to her?

"Q. 1348. Yes, sir.

"A. There was an agreement between—

"By Mr. McCulloch: Q. 1349. Was that agreement in
writing?

"A. No, sir.

"Q. 1351. Go ahead.

"A. It was an agreement made—

"Mr. McCulloch: We object to that, as incompetent,
and not proper evidence in the case.

"The Court: He may answer the question.   Defendant
excepts.

"A. There was an agreement made between her and
Mr. Irish that he should have the use of the $2,000 for
one year without the interest, and he was to have my
services for a year, with the consideration of one-third
of the interest—one-third of the profits of the business.

20

"Q. 1436. What did you say to Mr. Irish was erroneous in settlement.

The defendant's objection on the ground of incompetency was overruled, an exception was noted to the ruling, and the witness answered: "I told him it was wrong, and that it would make a difference in the profits."

"Q. 1456. Well, now, after calling his attention to these items, what, if anything, did he say?

"Mr. McCulloch: Objected to, as incompetent.

"The Court: He may answer. Defendant excepts.

"A. He said he would look it up, and make it right.

"Q. 1506. You may state what was said between yourself and Mr. Irish at the time of that settlement with reference to the error you have just spoken about. Give the substance of the conversation.

"Mr. McCulloch: Objected to, as incompetent and immaterial and irrelevant."

The objection was overruled, an exception was taken, and the witness answered the question.

Each of the foregoing rulings of the court is assigned as error. Counsel for plaintiff insist that the objections to the question were too general to be available at this time. This contention is overruled, for the reason stated in disposing of the first assignment of error. We are all agreed that more than one of the questions copied above were incompetent, as calling upon the witness to give testimony of a hearsay character, not admissible under the rules for the admission of testimony. The testimony elicited by the questions was of a prejudicial nature, and should have been excluded. As the judgment must be reversed for the errors already indicated, we will not consider the numerous other assignments of error.

REVERSED.