Argued November 25, 1921, reversed and remanded January 3, 1922.

## MARSHALL *v.* OLSON.

(202 Pac. 736.)

**Trial — Statement of Counsel not Supported 'y Evidence Should be Stricken.**

1. In action for injuries received in collision of automobiles at street intersection, the court erred in not striking out on motion statement of plaintiff's counsel on cross-examination of defendant to the effect that any car with good brakes could be stopped within 20.8 feet; there being no evidence to support such statement.

**Appeal and Error—Exception to Argument of Counsel not Addressed to Action of Court Insufficient.**

2. Where defendant's counsel, immediately after close of argument of counsel of plaintiff before jury, stated that he would like to save an exception to the statement made by counsel in his argument to the effect that defendant could have stopped his car at 20.8 feet at the rate of speed at which he was going, on the theory that there was no testimony in the record on which that argument could

be based, and court answered: "The jury are to decide the case on the evidence in the case, and if there should have been in either argument assertions made, not supported by the evidence, you should confine yourselves to the evidence. If the question should arise within what distance they could have stopped, you are to determine it from all the facts appearing in evidence"—to which defendant made no objection, no question was raised for review, since an exception must go to the action or nonaction of the court, not that of opposing counsel.

### Evidence—Offers to Compromise not Admissible.

3. Court erred in permitting plaintiff in personal injury case to ask the wife of defendant whether she did not offer to settle for a certain amount, there being no admission of any particular facts, under Section 879, Or. L.

### Municipal Corporations—Defendant Held not Entitled to Instruction on Last Clear Chance.

4. In an action for injuries to plaintiff, who was a passenger in an automobile driven by her husband, which collided with defendant's automobile at a street intersection, defendant was not entitled to an instruction on the last clear chance doctrine, where it was not shown by evidence or pleading that plaintiff was in any way authorized to control the car; the marital relationship not of itself being sufficient to impute to her any negligence of her husband.

### Municipal Corporations—Duty of Automobilist to Exercise Care to Avoid Results of Another's Negligence—Last Clear Chance Rule not Available Unless Pleaded and Proved.

5. Where automobilists meet at street intersections, there is a duty incumbent on each party alike to exercise reasonable care to avoid the results of any negligence on the part of the other; but in order to invoke the last clear chance doctrine, which may be invoked either by plaintiff or defendant, the facts showing it must be pleaded and proved.

### Municipal Corporations—Violation of Ordinance in Emergency is not Evidence of Negligence.

6. Violation of ordinances of a city relating to the matter of turning automobiles at intersections and the like is negligence *per se*, subject to the qualification that if it is necessary in an emergency under all the circumstances in order to avoid an accident to turn otherwise than the ordinance or law prescribes, it could not be counted upon as evidence of negligence or as negligence itself, but it must appear from the evidence that a sudden and perilous emergency was present sanctioning, in the judgment of a reasonably prudent man, the doing of the act which under other circumstances would be a technical breach of municipal regulations.

---

4. Imputability of contributory negligence of one spouse to the other, see notes in 110 Am. St. Rep. 296; Ann. Cas. 1912A, 647.

6. Emergency rule as applied to automobile drivers, see note in 6 A. L. R. 680.

From Multnomah: J. P. Kavanaugh, Judge.
Department 2.

Reversed and Remanded.

For appellant there was a brief over the name of *Messrs. Joseph, Haney & Littlefield,* with an oral argument by *Mr. E. V. Littlefield.*

For respondent there was a brief over the names of *Messrs. McGuirk & Schneider* and *Mr. E. E. Miller,* with oral arguments by *Mr. Thomas G. Ryan* and *Mr. Walter McGuirk.*

BURNETT, C. J.—This is an action to recover damages which the plaintiff claims she suffered by reason of a collision between the defendant's automobile and one driven by the plaintiff's husband, with whom she was riding, at the intersection of Wasco Street and East Thirteenth Street, North, in the City of Portland. The complaint begins by pleading according to their legal effect certain ordinances of the city governing the movement of vehicles on its streets. The substance is, that vehicles approaching an intersection of streets shall be so under control as to permit the vehicle on the right of the one approaching, first to cross the intersecting street; and that motor vehicles shall not exceed a speed of twenty miles per hour. The plaintiff also charges that she and her husband, in his automobile, with him driving, were traveling west on the right-hand of Wasco Street at a rate of speed not to exceed ten miles per hour; and that the defendant Olson was driving his automobile north on East Thirteenth Street. She imputes negligence to him in that he was traveling at the rate of twenty-five miles per hour, did not have his automobile under control, and that

he failed to keep a proper lookout to see whether or not the street intersection was clear so as to allow him to pass. In substance, the complaint is that the plaintiff's husband had the right of way and that by reason of the negligent acts and omissions of the defendant a collision ensued between the two cars at the intersection, whereby the one in which the plaintiff was riding was overturned and she sustained various injuries mentioned.

The answer contains a complete traverse of the complaint, except that the defendant admits he was driving an automobile at the time. The substance of the affirmative matter of the answer is, that as the defendant approached the street intersection mentioned, traveling in a northerly direction, he was on the right-hand side of East Thirteenth Street, complying with all the ordinances of the city relative to automobile traffic; that he slowed down his car and as he arrived at the intersection, the car driven by the plaintiff and her husband had not reached there, so that his right of way was clear; that the plaintiff and her husband were traveling at an unlawful and excessive rate of speed, and as they approached the intersection, made no attempt to slacken but rather increased their speed, forcing the defendant to turn his car to the left in order to prevent a collision; and that on that account, and due entirely to the negligence of the plaintiff and her husband, the collision ensued, and not otherwise. The reply denies the new matter in the answer.

A jury trial resulted in a verdict in favor of the plaintiff in the sum of $3,258. The defendant appeals.

1. The defendant, having testified on direct examination about his approach to the intersection and

having his car under control, driving at the rate of eighteen miles an hour, said in substance that he noticed the car in which the plaintiff was riding, about fifteen feet east of the intersection at the moment he got there; and that, observing that they did not slacken but on the contrary increased their speed, he saw that a collision was imminent, so that he turned sharply to the left into Wasco Street to avoid them and in doing so, owing to the increased speed of the other car, his own car struck it on the left hind wheel, causing it to turn over, he says, on account of its own speed. On cross-examination of the defendant the following occurred, according to the bill of exceptions:

"Q. How far a distance does it take to stop, going eighteen miles an hour, if your brakes are in good condition?

"A. Well, I haven't tried it out exactly to the foot.

"Q. Would you like to know?

"Counsel for Defendant: Answer his question; do you know?

"A. No, I don't know.

"Counsel for Plaintiff: You can stop in 20.8 feet.

"Counsel for Defendant: I move to strike the suggestion made by counsel out of the record.

"Q. (By Counsel for Plaintiff). Do you know you can stop a Hudson Super-six car or any other car with brakes in good condition, going at the rate of eighteen miles an hour, in 20.8 feet?

"Counsel for Defendant: I move that the question be withdrawn. It is not a proper question under the circumstances.

"The Court: What is the objection?

"Counsel for Defendant: The objection is this, he is predicating it upon something not in evidence in the case. There is no evidence of that kind here, and you cannot predicate a question upon something that is not in evidence in the case.

"The Court: He might bring it in later.

"Counsel for Defendant: I think it ought to be predicated upon some evidence.

"To which an exception was duly taken and allowed."

There was no testimony either by this witness or any other that a car could be stopped in 20.8 feet. The effect of the court's declining to sustain the motion to strike out the statement of counsel, "you can stop in 20.8 feet," was to leave that statement in the record going to the jury as a proved fact. At least, the conduct of counsel in making the statement received the tacit approval of the court. Considering the various and variable factors in the operation of an automobile, the accuracy of the statement may well be challenged. So much depends upon the weight of the car, the speed at which it was traveling and the consequent momentum involved; the state of the road-bed, whether smooth or rough; the grade, whether level, ascending or descending; the condition of the tires, whether new or worn; the adjustment of the brakes, the load, and the like, may well cast doubt upon the reliability of any estimate as applied to all cars. But whether or not the statement could be shown to be correct, there was no evidence of that and it was consequently error to allow the counsel's volunteered statement to remain in the record as against a motion to strike it out. In the early case of *Tenny* v. *Mulvaney*, 8 Or. 513, it is said in the syllabus, supported by the text of the opinion:

"It is error sufficient to reverse a judgment, to permit counsel to state, against objection, facts not in evidence and pertinent to the issue or to assume, *arguendo*, such facts to be in the case when they are not."

In *Huber* v. *Miller,* 41 Or. 103, 115 (68 Pac. 400, 45 Cent. L. J. 429), the court, speaking by Mr. Justice WOLVERTON, commenting on the limits to be imposed on the arguments of counsel, said:

"The latitude or range of argument, however, cannot be permitted to extend beyond the facts in evidence, and it is a just and ample cause for reversal where counsel, against objections are notwithstanding allowed to state facts pertinent to the issues not in evidence, or to assume in argument that such facts are in the case."

See, also, 40 Cyc. 2433; *Hollenbeck* v. *Missouri Pacific Ry. Co.,* 141 Mo. 97 (38 S. W. 723, 41 S. W. 887); *Krup* v. *Corley,* 95 Mo. App. 640 (69 S. W. 609); *Bennett* v. *McDonald,* 59 Neb. 234 (80 N. W. 826); *Pennsylvania Co.* v. *Newmeyer,* 129 Ind. 401 (28 N. E. 860); *State* v. *Boice,* 114 La. 856 (38 South. 584). Allowing the statement of counsel on the subject to stand as against the motion of the defendant to strike it from the record is clearly reversible error.

2. An effort was made to present the same question by this statement of defendant's counsel quoted in the bill of exceptions, made immediately after the close of argument of counsel of plaintiff before the jury:

"I would like to save an exception to the statement made by counsel in his argument to the jury to the effect that Mr. Olson could have stopped his car at 20.8 feet at the rate of speed at which he was going, on the theory that there was no testimony in the record on which that argument could be based."

The court answered in this language:

"Generally, gentlemen, the jury are to decide the case on the evidence in the case, and if there should have been in either argument assertions made, not

supported by the evidence, you should confine your-selves to the evidence.   If the question should arise within what distance they could have stopped, you are to determine it from all the facts appearing in evidence.''

The defendant made no objection to this ruling. To be effective on appeal an exception must go to the action or nonaction of the court, not that of opposing counsel.  The bill of exceptions is not sufficient to raise the question in that form.

3. While the witness Grace Olson, wife of the de-fendant, was testifying on his behalf, she was asked on cross-examination by plaintiff's counsel: ''Why did you offer to settle this for half?''  The objection was made that it was incompetent, irrelevant and im-material and not binding on the defendant.  The court interposed, ''objection overruled; exception al-lowed,'' and counsel for plaintiff proceeded: ''Did you offer to settle for half?''  The witness replied: ''Yes, sir; Mr. Olson did.''  By the court: ''Did he make that with your consent and approval?''  The witness, ''Yes.''  The objection was overruled and an exception noted and the witness was allowed to answer the question.   Section 879, Or. L., reads thus:

''An offer of compromise is not an admission that anything is due; but admissions of particular facts, made in negotiation for compromise, may be proved, unless otherwise specially agreed at the time.''

It would seem that the evidence sought to be ad-duced by this question would come within the opera-tion of that section as an offer to compromise, and hence would not be admissible against the defendant.

It is claimed that the court erred in refusing to give this instruction:

"If you should find from the evidence that the defendant at the time of the collision between the machine in which the plaintiff was riding and the defendant's automobile was attempting to avert a collision and that the plaintiff could have averted a collision by the exercise of care and caution which an ordinarily prudent man should have exercised at said time and place, then your verdict shoud be for the defendant."

This instruction was proper as elucidating the defendant's theory of the case, that he turned sharply to the left into Wasco Street to avoid the oncoming car occupied by the plaintiff and her husband, and that they persisted in their excessive speed, which resulted in the collision, if supported by an efficient pleading and relevant testimony. In many cases it has been held that any party has a right to have his theory of the case presented to the jury, if there be any testimony upon which it may be based.

4–6. The rule is thus stated in *Vizacchero* v. *Rhode Island Co.*, 26 R. I. 392 (59 Atl. 105, 69 L. R. A. 188):

"It was just as much the duty of plaintiff's intestate to avoid the consequences of the defendant's negligence, if there was any, as for the defendant's servant to avoid the consequences of the intestate's negligence if by any care and foresight he could have done so."

As affects the instant case, it is a duty incumbent on each party alike to exercise reasonable care to avoid the results of the other's negligence. This principle should apply, if the pleading or evidence presents a situation to which it is apropos. The instruction seems to contemplate that a situation existed presenting an instance of the plaintiff's possessing the last clear chance to avoid an injury, although

the predicament was attributable to the preceding negligence of the defendant. If, however, the defendant would rely upon that doctrine, he must be governed by the decision in *Stewart* v. *Portland Ry., L. & P. Co.,* 58 Or. 377 (114 Pac. 936), where Mr. Justice McBRIDE, writing the opinion, stated:

"In order to invoke 'the last clear chance' doctrine, the plaintiff must plead and prove that the defendant, after perceiving the danger and in time to avoid it, negligently failed to do so": Citing *Drown* v. *Northern Ohio T. Co.,* 76 Ohio St. 234 (81 N. E. 327, 118 Am. St. Rep. 844, 10 L. R. A. (N. S.) 421).

The last clear chance doctrine is not to be invoked exclusively against a defendant, but it may affect a plaintiff as well, so that if the latter sees the situation and knows that an injury could be avoided by action on his part at that juncture, it is his duty to take such action, although the defendant by his negligence brought about the perilous condition of affairs. It is not pointed out in the evidence what could have been done by the plaintiff at that juncture to escape the injury to herself. It is not shown by the testimony that she was in any way authorized to control the car. So far as disclosed, she was merely riding with her husband. The marital relationship is not of itself sufficient to impute to her the negligence of her husband: 20 R. C. L. 160. The pleading on the part of the defendant is not effective as a statement of the last clear chance so as to charge the plaintiff. For these reasons the refusal to give this instruction was not erroneous.

Another instruction refused was the following:

"You are advised that, if the evidence in this case should disclose that the defendant, in order to avoid an accident, turned his automobile and in so doing

did not comply with the ordinances of the City of Portland, you are instructed that this would not be considered a violation of said city ordinances, for a person acting in an emergency, in order to avert an accident, cannot be charged with having violated city ordinances under those circumstances.''

The rule has been established by this court that a violation of a city ordinance regulating the speed of vehicles is negligence *per se: Northwest Door Co.* v. *Lewis Investment Co.,* 92 Or. 186 (180 Pac. 495); *Emmons* v. *Southern Pacific Co.,* 97 Or. 263 (191 Pac. 333). It would seem that the same rule ought to be applied to the matter of turning at intersections, and the like, as far as regulated by ordinances or state laws. But this must be taken with some degree of qualification, so that, if it is necessary in an emergency, under all the circumstances, to avoid an accident, to turn otherwise than the ordinance or law prescribes, it could not be counted upon as evidence of negligence, or as negligence itself. Before this qualification can be relied upon, it must of course appear from the evidence that a sudden and perilous emergency was present sanctioning, in the judgment of reasonably prudent men, the doing of the act which under other circumstances would be a technical breach of municipal regulations. In cross-examining the defendant, plaintiff's counsel dwelt at length upon that feature of the defendant's turning his car to the left of the center of the intersection, as a violation of the city ordinance. The instruction, though somewhat inartificial, should have been given in substance, as applicable to that phase of the testimony. As between the parties to the action it would be unreasonable to maintain that a man would be culpably negligent under such circumstances, if he turned either to

the right or to the left to avoid imminent danger of collision, when the peril could be escaped only by such action, and that, too, without injury to any one else: 24 Cyc. 434.

The judgment is reversed and the cause is remanded for further proceedings.

REVERSED AND REMANDED.

BEAN, BROWN and McCOURT, JJ., concur.