Argued May 5, affirmed May 20, 1959

# BROADWAY FINANCE, INC. *v.*
## TADOROVICH ET AL

339 P. 2d 436

*George H. Corey,* Pendleton, argued the cause for appellant. With him on the brief was Alex M. Byler, Pendleton.

*Robert W. Collins,* Pendleton, argued the cause and filed a brief for respondents.

Before MCALLISTER, Chief Justice, and ROSSMAN, LUSK, WARNER, CRAWFORD and MILLARD, Justices.

McALLISTER, C. J.

The plaintiff, Broadway Finance, Inc., a corpora-

tion, brought this action to recover the amount of five checks drawn by the defendants, Avis Tadorovich and Dan Tadorovich, doing business as Highway Appliance Co. In their answer defendants alleged as an affirmative defense that the checks had been paid. The case was tried before a jury which returned a verdict in favor of defendants. From the judgment entered on the verdict, the plaintiff has appealed.

The plaintiff contends that the court erred in admitting in evidence a letter written on plaintiff's behalf by one of its officers and in giving an instruction regarding the degree of proof.

Defendants were engaged in the retail appliance business in Milton-Freewater. The plaintiff was engaged in the finance business in Pendleton. In December 1956, the parties entered into a contract whereby plaintiff agreed to consign to defendants appliances to be sold by defendants to their customers. The defendants agreed to pay plaintiff for the merchandise as it was sold. The plaintiff was described in the contract as the principal or consignor and the defendants were described as the consignees or factors. The arrangement was referred to in the testimony as a flooring plan.

The five checks in question were given to plaintiff during March 1957 to pay for consigned merchandise sold by defendants. The checks admittedly were dishonored by the bank on which they were drawn because of the lack of funds in defendants' account. However, defendants offered substantial competent evidence tending to prove that while the checks were held by plaintiff it retained funds belonging to defendants arising out of other transactions sufficient to pay the checks.

The evidence offered by defendants included a letter

written by an officer of plaintiff containing a promise to give back to defendants "all of the checks that we have been unable to cash." Plaintiff objected to the introduction of this letter on the ground that it was an offer of compromise. Defendants, on the other hand, contend that the statement in the letter concerning the checks was an admission.

■ It is well settled that an offer of compromise is not admissible in evidence. *Marshall v. Olson,* 102 Or 502, 202 P 736; *Wallace v. American Life Ins. Co.,* 111 Or 510, 537, 225 P 192, 227 P 465; *Dalk v. Lachmund,* 157 Or 152, 157, 70 P2d 558; *Blue v. City of Union,* 159 Or 5, 23, 75 P2d 977; and *Kitzke v. Turnidge,* 209 Or 563, 571, 307 P2d 522. It is equally well settled that "admissions of particular facts made in negotiation for compromise are admissible in evidence." See ORS 41.810; *Wallace v. American Life Ins. Co.,* supra; *Blue v. City of Union,* supra; *Dunning v. Northwestern Electric Co.,* 186 Or 379, 395, 199 P2d 643; 206 P2d 1177; 4 Wigmore on Evidence § 1061, 29; 20 Am Jur § 566, 478; and 80 ALR 919.

■ Whether the statement contained in the letter was an admission was a preliminary question for determination by the trial court. The time when and the circumstances under which the statement was made may be resorted to for the purpose of determining the intent of the party making it. See *Blue v. City of Union,* supra. We have carefully reviewed the testimony concerning the circumstances under which this letter was written and are satisfied that the court did not err in admitting it in evidence.

The second assignment of error challenges an instruction with regard to the degree of proof. Although the instruction was improper, no exception was taken

thereto in the trial court. Under the facts of this case we find that the giving of the instruction did not constitute error of which we need take notice. *Hon v. Moore Timber Prod., Inc.,* Vol 68 Adv Sh 431 (March 25, 1959).

The judgment of the trial court is affirmed.