Argued and submitted March 9, affirmed April 11,
petition for review allowed August 14, 2007 (343 Or 206)

Brenda BJORNDAL,
*Plaintiff-Appellant,*

*v.*

Jay WEITMAN,
*Defendant-Respondent.*

Linn County Circuit Court
031320; A131325

157 P3d 261

Stephen P. Riedlinger argued the cause for appellant. With him on the briefs was Susak & Powell, PC.

Ralph C. Spooner argued the cause for respondent. With him on the brief were Melissa J. Ward and Spooner & Much, P.C.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

PER CURIAM

## PER CURIAM

Plaintiff appeals from a judgment for defendant, following a jury trial in an automobile personal injury case. Plaintiff contends that the trial court erred in giving the so-called "emergency" instruction, UCJI 20.08.[1] She argues, particularly, that (1) defendant was not entitled to that instruction because the evidence established that any "emergency" that existed "was created by [d]efendant"; and (2) in all events, the instruction, as a categorical matter, is "repetitive, unnecessary, confusing[,] and constitutes an improper comment on the evidence" and should never be given.

We reject both of plaintiff's arguments. The evidence here did support the giving of the instruction; defendant's account, if credited, demonstrated that he had been "suddenly placed in a position of peril *through no negligence of [his] own.*" UCJI 20.08 (emphasis added). *See Lane v. Brown,* 138 Or App 34, 906 P2d 821 (1995), *aff'd,* 328 Or 42, 970 P2d 206 (1998). The proper resolution of plaintiff's second challenge lies elsewhere. *See id.* at 38-42 (Landau, J., concurring) (exploring tensions, and ostensible contradictions, in case law pertaining to "emergency" instruction and proposing to "leave it to the Supreme Court to impose limitations on the emergency doctrine or, better yet, abandon it altogether"); *cf. Lane v. Brown,* 328 Or 42, 45 n 1, 970 P2d 206 (1998) (observing that the plaintiffs had failed to preserve for appellate consideration the argument "that the emergency instruction is redundant and confusing and should be abolished").

Affirmed.

---

[1] UCJI 20.08 provides:

"People who are suddenly placed in a position of peril through no negligence of their own, and who are compelled to act without opportunity for reflection, are not negligent if they make a choice as a reasonable careful person placed in such a position might make, even though they do not make the wisest choice."