Argued and submitted November 5, 2007, decision of Court of Appeals reversed; judgment of circuit court reversed, and case remanded to circuit court for further proceedings May 8, 2008

Brenda BJORNDAL,
*Petitioner on Review,*

*v.*

Jay WEITMAN,
*Respondent on Review.*

(CC 031320; CA A131325; SC S054837)

184 P3d 1115

Stephen P. Riedlinger, Susak & Powell, P.C., Portland, argued the cause and filed the briefs for petitioner on review.

Ralph C. Spooner, Spooner, Much, & Ammann, P.C., Salem, argued the cause and filed the briefs for respondent on review. With him on the briefs were Melissa J. Ward, Salem, and Tyler E. Staggs, Salem.

Meagan A. Flynn, Portland, submitted a brief on behalf of *amicus curiae* Oregon Trial Lawyers Association.

BALMER, J.

## BALMER, J.

In this personal injury action arising out of an automobile accident, we consider—and, having done so, reject—the use of the so-called "emergency instruction" in such cases. The trial court gave that jury instruction at defendant's request and over plaintiff's objection, and the jury returned a verdict in defendant's favor. Plaintiff appealed, arguing that the evidence did not establish an "emergency" that would support giving the instruction. Plaintiff also argued that the emergency instruction is disfavored in Oregon and never should be given. The Court of Appeals affirmed in a brief per curiam decision, relying on its prior cases. *Bjorndal v. Weitman*, 212 Or App 143, 157 P3d 261 (2007). We allowed review and now hold that the emergency instruction, as used in ordinary vehicle negligence cases, is an inaccurate and confusing supplement to the instructions on the law of negligence and, therefore, should not be given. For that reason, we reverse the rulings of the Court of Appeals and the trial court and remand the case to the trial court for further proceedings.

Plaintiff was driving east on Highway 22 in Linn County and looking for her father, whose car had broken down along the highway. Defendant had been following plaintiff for approximately 20 minutes, and there was no evidence that defendant was following too closely during that time. Plaintiff then spotted her father ahead on the right side of the road. Defendant testified that he had watched plaintiff's father, who was waving his hands and gesturing, for two seconds and then, assuming "that there was some sort of emergency situation, a hazard, or something that we needed to be aware of and looked—I did glance to my left and I scanned the horizon [for about a second] to try and identify what this possible hazard or emergency was." Defendant testified that, when he returned his eyes to the road ahead of him, he noticed that plaintiff, who was driving a van, had rapidly decelerated or was in the process of decelerating. He estimated that plaintiff slowed from a speed of 50 miles per hour to 10 miles per hour within one second. Defendant testified that he then applied his brakes and, seeing that there was no oncoming traffic, decided to steer to his left to pass

plaintiff on her left. Plaintiff, however, had planned to turn left because she had been told that there was a snowpark on the left side of the highway where she could stop. As she slowed to make the left turn, she signaled and steered to the left. Defendant testified that he did not see plaintiff's left turn signal until after the van started to move to the left and at that point he was unable to avoid colliding with plaintiff's van.

Plaintiff brought this negligence action against defendant, seeking damages for her injuries and medical expenses arising out of the collision. The case was tried to a jury. Defendant requested, and the trial court gave, the "emergency instruction" as set forth in Oregon Uniform Civil Jury Instruction 20.08:

> "People who are suddenly placed in a position of peril through no negligence of their own, and who are compelled to act without opportunity for reflection, are not negligent if they make a choice as a reasonably careful person placed in such a position might make, even though they do not make the wisest choice."

Plaintiff properly excepted to that instruction. The jury returned a special verdict in which it found that defendant had not been negligent in the operation of his motor vehicle.

Plaintiff appealed, arguing that the trial court had erred in giving the emergency instruction. Plaintiff first asserted that the instruction was improper because the evidence established that any "emergency" had been created by defendant. Plaintiff's second argument was that it always is error for a trial court to give an emergency instruction because that instruction is an inaccurate statement of negligence law and constitutes an improper comment on the evidence. *Bjorndal*, 212 Or App at 144. The Court of Appeals rejected the first argument. As to the second argument, the Court of Appeals indicated that plaintiff's assertion that the emergency instruction never should be given was better addressed to this court than to the Court of Appeals. *Id.* Plaintiff sought, and we granted, review to consider that second question.

Plaintiff's argument, and that of *amicus curiae* Oregon Trial Lawyers Association, can be summarized as follows: Uniform Civil Jury Instruction 20.08, which embodies the so-called "emergency instruction," repeats the standard negligence instruction and, hence, is unnecessary. To the extent that the emergency instruction does not merely reiterate the negligence instruction, it incorrectly suggests that, in an emergency, some standard of conduct lower than the usual standard of reasonable care applies. Finally, the emergency instruction is an improper comment on the evidence because it involves the trial court telling the jury how one aspect of the evidence should bear on the jury's determination of negligence.

Plaintiff supports her argument with *dicta* from this court's opinions that criticize the emergency instruction. In *Ballard v. Rickabaugh Orchards, Inc.*, 259 Or 200, 207, 485 P2d 1080 (1971), for example, this court stated that the emergency instruction "is unnecessary to give and should be avoided * * *." This court has also stated that

"it would be a rare situation, indeed, where it would be error to fail to give [the emergency instruction,] because the usual instruction on negligence sufficiently covers what a reasonably prudent person would do under all circumstances, including those of sudden emergency."

*Evans v. General Telephone*, 257 Or 460, 467, 479 P2d 747 (1971). Because it rarely will be error *not* to give the instruction and because the instruction is "unnecessary" and "should be avoided," plaintiff urges us to eliminate the instruction altogether.[1]

Defendant responds that, despite this court's *dicta* that the emergency instruction is rarely necessary, it does not logically follow that giving the instruction always constitutes reversible error. Defendant argues that, in a "sudden emergency," which the jury could have found existed here, the instruction properly reminds the jury that determining whether a person acted reasonably includes consideration of

---

[1] In *Lane v. Brown*, 328 Or 42, 45, 970 P2d 206 (1998), this court had allowed review of a Court of Appeals decision to consider the "continuing validity" of the emergency instruction. However, the court concluded that the issue was not properly preserved and therefore did not decide it.

all the circumstances in which the person was required to act, including those that may have constituted the emergency.

We begin with a brief review of the origins of the emergency instruction and then consider the parties' arguments for eliminating or retaining the instruction. We then examine whether it was error to give the instruction in this case and, if it was, whether that error requires reversal.

The reasons for the development of the emergency instruction can be understood by examining several cases where this court approved similar instructions. In *Marshall v. Olson*, 102 Or 502, 202 P 736 (1922), the defendant in an automobile accident case had turned to the left of the center of an intersection in violation of a city ordinance. The plaintiff argued at trial that the defendant's conduct was negligent, as a matter of law, because the defendant had violated the ordinance, and the jury awarded damages to the plaintiff. This court reversed, holding that the trial court had erred by, among other things, not giving an instruction requested by the defendant to the effect that his conduct was not a violation of the ordinance if he was "acting in an emergency" and "in order to avert an accident." 102 Or at 512. This court held that it was error not to give the proposed instruction because, notwithstanding the rule that violation of an ordinance was negligence *per se*,

"it would be unreasonable to maintain that a man would be culpably negligent under the circumstances, if he turned either to the right or to the left to avoid imminent danger of collision, when the peril could be escaped only by such action, and that, too, without injury to any one else[.]"

*Id.* at 512-13. In other words, the instruction mitigated the effect of the *per se* negligence rule that otherwise required the jury to find the defendant negligent, even if he had acted with reasonable care.

Another context in which the emergency instruction often has been given is where a plaintiff had to act quickly because of an emergency, and the defendant raised a defense of contributory negligence. Because, at common law, any negligence by the plaintiff would bar recovery from a negligent defendant, courts used the emergency instruction to remind

the jury that the plaintiff's conduct had to be viewed in light of the emergency circumstances that the defendant may have created. *See Hatch v. Daniels*, 96 Vt 89, 117 A 105, 108 (1922) ("When one, without his own fault but through the negligence of another, is so situated, he is not ordinarily, if ever, chargeable, as a matter of law, with contributory negligence, if, in attempting to escape the danger, he makes a mistake in the method adopted."). In *Durnford v. Worden*, 242 Or 536, 410 P2d 1020 (1966), an automobile accident case, the jury returned a verdict for the defendant, and the trial court granted the plaintiff's motion for a new trial, concluding that it had erred in not giving an emergency instruction. This court agreed, because the instruction would have told the jurors that if they found that " 'either of the parties to this case was suddenly placed in a position of peril, through no negligence of his own * * * he would not be guilty of negligence even though he did not take the wisest action * * *.' " 242 Or at 538 (quoting the instruction).[2] *See* Jeffrey F. Ghent, Annotation, *Modern Status of Sudden Emergency Doctrine*, 10 ALR 5th 680, 689, 694 (1991) (mitigation of harsh effect of contributory negligence one basis for emergency instruction); *Caristo v. Sanzone*, 96 NY2d 172, 750 NE2d 36 (2001) (same; but declining to abolish doctrine).

The cases just discussed suggest that the emergency instruction originated as a means to allow the jury to avoid the harsh result of finding that a defendant was negligent *per se* for violating a statute or ordinance, as in *Marshall*, or that a plaintiff was contributorily negligent and therefore barred from recovering damages against a negligent defendant, as in *Durnford*. In recent decades, courts in some states have abolished the emergency instruction because the tort doctrines that it was intended to ameliorate have themselves been changed. *See* Jeffrey F. Ghent, 10 ALR 5th 680 (collecting cases eliminating and retaining emergency instruction).

---

[2] Similarly, in one of the earliest emergency instruction cases, the United States Supreme Court affirmed a jury verdict for a plaintiff who had been injured in a stage coach accident caused by an intoxicated driver. *Stokes v. Saltonstall*, 38 US 181, 10 L Ed 115 (1839). The Court approved a variation of the emergency instruction that allowed the jury to excuse the plaintiff's contributory negligence if the jury found that the plaintiff's actions resulted from the plaintiff being placed in a position of "certain peril" by defendant's conduct. 38 US at 193.

Those doctrines have changed in Oregon as well. As to the negligence *per se* rule, trial courts now instruct juries, when appropriate, that that rule does not apply if "the defendant proves by a preponderance of the evidence that the defendant was acting as a reasonably careful person in the circumstances." UCJI 20.03; *see Barnum v. Williams*, 264 Or 71, 78-79, 504 P2d 122 (1972) ("[I]f a party is in violation of a motor vehicle statute, such a party is negligent as a matter of law unless such party introduces evidence from which the trier of fact could find that the party was acting as a reasonably prudent person under the circumstances."). With respect to contributory negligence, the Oregon legislature in 1971 eliminated the common-law doctrine that contributory negligence barred a plaintiff from recovery and substituted a negligence rule that requires comparison of the fault of the different parties. ORS 31.600. Thus, both rationales described above for the emergency instruction have been superseded by other changes to the law. And, as we shall explain, we are satisfied that, under the current principles of negligence law, concerns over the relative negligence of plaintiffs and defendants safely may be left to general negligence instructions.

■ Even if the historical underpinnings of the emergency instruction have now gone by the wayside, however, that does not mean that the trial court necessarily committed reversible error—or any error at all—in giving the instruction. An instruction that is merely repetitious of another instruction is not necessarily grounds for reversal. *See, e.g., Searcy v. Bend Garage Co.*, 286 Or 11, 18, 592 P2d 558 (1979) ("The instruction was unnecessary and somewhat repetitious; however, so instructing is not prejudicial error."). As noted, however, plaintiff argues that the emergency instruction not only is redundant, but also is an incorrect statement of negligence law and an improper comment on the evidence. We turn to those issues.

■ Plaintiff first argues that the emergency instruction misstates Oregon negligence law. The trial court here, before giving the emergency instruction quoted above, gave the standard negligence instruction set out in Uniform Civil Jury Instruction 20.02:

"The law requires every person to use reasonable care to avoid harming others. Reasonable care is the degree of care and judgment used by reasonably careful people in the management of their own affairs to avoid harming themselves or others.

"In deciding whether a party used reasonable care, consider the dangers apparent or reasonably forseeable when the events occurred. Do not judge the party's conduct in light of subsequent events; instead, consider what the party knew or should have known at the time.

"A person is negligent, therefore, when that person does some act that a reasonably careful person would not do, or fails to do something that a reasonably careful person would do under similar circumstances."

Plaintiff asserts that the foregoing general negligence instruction correctly states that a person is negligent if the person fails to use reasonable care and that it then elaborates on some of the considerations relevant to determining "reasonable care." But plaintiff points out that the emergency instruction, in contrast, tells the jury that a person is "*not* negligent" if the person "make[s] such a choice as a reasonably careful person placed in such a position *might* make, *even though* [the person did] *not make the wisest choice*." (Emphases added.) As we explain below, that instruction appears to modify the general standard of care as described in the negligence instruction by making negligence turn, in part, on whether a person makes one of many choices a reasonably careful person "might" make, by introducing the concept of "wisest choice," and by attempting to define the legal standard for negligence in part by describing what is "not negligent."

■ A person is negligent if the person fails to exercise reasonable care, a standard that "is measured by what a reasonable person of ordinary prudence would, or would not, do in the same or similar circumstances." *Woolston v. Wells*, 297 Or 548, 557, 687 P2d 144 (1984). *See also Kirby v. Sonville*, 286 Or 339, 345 n 1, 594 P2d 818 (1979) ("The standard of care is 'reasonable care' or that care which persons of ordinary prudence exercise in all of their activities in order to avoid injury to others (or themselves for that matter)."). The

emergency instruction, however, tells the jurors that, notwithstanding the instruction that a person must exercise reasonable care, if there was an emergency, they nevertheless may conclude that the person whose actions are at issue was "*not* negligent" (emphasis added), even if the person made a choice that is not the "wisest choice," as long as it was a choice a "reasonably careful person" in those circumstances "might" make. Jurors would understandably view that instruction as permitting them to find a defendant "not negligent," even when the defendant makes an "unwise" choice. To be sure, the reasonable care standard does not *always* require a defendant to make the "wisest choice." But neither does it mean that a defendant was "not negligent" simply because the defendant's "unwise choice" was made in the context of an emergency.

Given the wide range of factual settings in vehicle negligence cases, there certainly are circumstances in which a reasonable jury could conclude that any choice other than the "wisest choice" was *not* a reasonably prudent choice and therefore was negligent. The emergency instruction is erroneous because it introduces into the liability determination additional concepts that are not part of the ordinary negligence standard—whether the person had a "choice," whether the person made a "choice" that a reasonable person "might" make, and whether the person made the "wisest" choice or not. The addition of those new, otherwise-undefined concepts to the standard of reasonable care in light of all the circumstances injects a likely source of juror confusion as to the legal standard to be applied. *See Rogers v. Meridian Park Hospital*, 307 Or 612, 616, 772 P2d 929 (1989) (rejecting use of a confusing jury instruction and stating, "Instructions which mislead or confuse are ground for a reversal or a new trial." (Internal quotations, citation, and footnote omitted.)).

■ Parties may of course introduce evidence, and may argue about, the "emergency" nature of the circumstances in which the parties acted and whether or not various "choices" of conduct, wise or not, were available. The *existence* of "emergency" circumstances in vehicle accident cases—sudden actions by other drivers, unexpected weather events, roadway hazards—is indisputably appropriate for a jury to

consider in determining whether a person has used reasonable care in attempting to avoid harming others. *See* 3 Fowler V. Harper, Fleming James, Jr., and Oscar S. Gray, *Harper, James and Gray on Torts* § 16.11 (3d ed 2007) (describing role of emergency circumstances in determination of reasonable care). But this court has never articulated the *legal* standard of negligence as turning on those considerations. Rather, the negligence standard focuses on whether a person acted with reasonable care to avoid harm to others, in light of all the circumstances, including any "emergency." Thus, the general negligence standard embodied in Uniform Civil Jury Instruction 20.02 encompasses any legitimate concerns about "emergency" circumstances, without introducing misleading concepts of the extent to which a "choice" available to the person was "unwise," "wise," "wiser," or "wisest." Moreover, the negligence instruction already refers to facts that may create an emergency situation when it speaks of the "dangers apparent or reasonably forseeable when the events occurred" and the "circumstances" that are to be considered in determining whether a person used reasonable care. UCJI 20.02.[3] As we stated in *Evans v. General Telephone*, "the usual instruction on negligence sufficiently covers what a reasonably prudent person would do under all circumstances, including those of sudden emergency." 257 Or 460, 467, 479 P2d 747 (1971).

■      We therefore conclude that the emergency instruction incorrectly stated the law and was likely to confuse the jury as to the correct legal standard to apply. When an instruction gives "the jury the wrong legal rule to apply[,]" and thus permits the jury to reach a legally incorrect result, this court consistently has held that the error substantially affects a party's rights. *Wallach v. Allstate Ins. Co.*, 344 Or 314, 322, 180 P3d 19 (2008). That is the case here. The erroneous jury instruction substantially affected plaintiff's rights, and the judgment must be reversed.[4]

---

[3] In citing the uniform negligence instruction, we do not mean to suggest that that instruction is the best of all possible negligence instructions. A trial judge may craft a more specific instruction on negligence that is appropriate in a particular case, as long as it accurately states the law.

[4] Plaintiff also argues that the emergency instruction given in this case was an improper comment by the trial judge on the evidence, and, indeed, improperly foreclosed an argument that was supported by the evidence, namely, that there was no emergency. Because we reverse the judgment on the ground that the emergency

To summarize: the emergency instruction, at least as used in vehicle accident cases,[5] misstates the law of negligence by introducing an inquiry respecting whether a person has made the "wisest choice," rather than focusing on whether the person used reasonable care, given all the circumstances. Because the instruction misstates the law, it should not be given. The trial court here erred in giving the emergency instruction.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

---

instruction incorrectly stated the law, we do not consider plaintiff's alternative argument that the instruction was an improper comment on the evidence.

[5] We confine our ruling to vehicle negligence cases because that is the context of this case. In cases outside that context, trial courts should take into account our comments here in deciding whether an emergency instruction is justified.