Argued and submitted March 24, reversed and remanded December 9, 2009,
petition for review denied March 25, 2010 (348 Or 114)

Tavis COWAN
and Jana Cowan,
*Plaintiffs-Appellants,*

*v.*

Thomas NORDYKE,
*Defendant-Respondent,*

*and*

Rose NORDYKE,
ETR Construction, LLC,
and Edward Ronan,
*Defendants.*

Lincoln County Circuit Court
062022; A137966

222 P3d 1093

David N. Allen argued the cause for appellants. With him on the briefs was MacPherson, Gintner & Diaz.

Clifford G. Collard argued the cause and filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

ROSENBLUM, J.

## ROSENBLUM, J.

In 2003, plaintiffs bought a house from defendant, a professional home designer, who had designed and built the house in 1996 and 1997 and had lived in it until he sold it to plaintiffs. In 2006, plaintiffs brought this action, claiming, among other things, that defendant had negligently designed several features of the house and that, as a result, substantial water damage occurred to the framing, floors, and walls.[1] Plaintiffs alleged that defendant's design of the home fell below the standard of care for a reasonably prudent home designer. The trial court granted summary judgment for defendant on the ground that Oregon law does not recognize a tort of "professional negligence" by a home designer. Plaintiffs moved to amend the complaint to allege that defendant was liable for the negligent design and construction of the house under the general negligence standard. The court denied the motion, ruling that the proffered amended complaint failed to state a claim. We affirm without discussion the ruling that Oregon law does not recognize a professional negligence tort by home designers. However, we disagree with the trial court's conclusion that plaintiffs' proffered amended complaint failed to state a claim for general negligence. Accordingly, we reverse and remand.

■■ "Although we generally review a court's denial of a motion to amend only for abuse of discretion, when the denial results from a substantive legal conclusion, we review the correctness of that conclusion" for errors of law. *Wallace v. Hinkle Northwest, Inc.*, 79 Or App 177, 179, 717 P2d 1280 (1986); *see also Ballard v. City of Albany*, 221 Or App 630, 637-38, 191 P3d 679 (2008) (apart from amendments that are allowed as a matter of right under ORCP 23 A, a trial court has broad discretion in determining whether to allow a party to amend the pleadings). Here, the trial court ruled that plaintiffs' proffered amended complaint failed to state facts sufficient to state a claim. Whether a complaint states a claim is a question of law. *Hansen v. Anderson*, 113 Or App 216, 218, 831 P2d 717 (1992). In determining the sufficiency

---

[1] References in this opinion to "defendant" are to Thomas Nordyke. Plaintiffs brought additional claims against the other defendants named in the case, but those claims are not at issue in this appeal.

of a complaint, we accept as true all well-pleaded allegations and give the plaintiff the benefit of all favorable inferences that may be drawn from the facts alleged. *Id.*

In their proffered amended complaint, plaintiffs alleged that, in 2005, they discovered substantial water damage to the framing, floors, and walls of the house and garage. They also alleged that defendant, as an "owner-builder,"

"was negligent in his design and/or construction of one or more of the following particulars:

"1. Placing drain gutters to channel water towards the house, allowing water to flow on to the framing members;

"2. Placing drain gates directly on to a concrete slab, allowing water to flow on to the framing members;

"3. Placing a concrete slab directly against siding without using flashing;

"4. Placing not pressure treated wood beams into or too close to dirt."

Plaintiffs alleged further that defendant knew or should have known that those design and construction issues would cause water damage to the garage and house and that his actions in designing and building the house caused $55,384.95 in damage.

The question before us is whether the alleged facts state a claim for negligence. In *Fazzolari v. Portland School Dist. No. 1J*, 303 Or 1, 734 P2d 1326 (1987), the Supreme Court introduced a general "foreseeability" principle to replace traditional concepts of duty, breach, and causation in negligence cases. Under that principle, the question of liability turns on whether the defendant's conduct "unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell the plaintiff." *Id.* at 17. "A person is negligent if the person fails to exercise reasonable care, a standard that 'is measured by what a reasonable person of ordinary prudence would, or would not, do in the same or similar circumstances.'" *Bjorndal v. Weitman*, 344 Or 470, 478, 184 P3d 1115 (2008) (quoting *Woolston v. Wells*, 297 Or 548, 557, 687 P2d 144 (1984)). The foreseeability principle applies

unless the parties "invoke a status, a relationship, or a particular standard of conduct that creates, defines, or limits the defendant's duty." *Fazzolari*, 303 Or at 17.

■     Plaintiffs argue that their proposed amended complaint stated a claim for relief because defendant's design and construction of the house was negligent under the general foreseeability principle. In his response, defendant does not dispute that, if the general foreseeability principle applies, plaintiffs' proffered amended complaint alleged facts that, if proved, are sufficient to establish negligence under that principle. Rather, he argues that the general foreseeability standard does not apply because his duty to plaintiffs is defined by his status as (1) a builder who is not a licensed contractor and (2) an "owner-builder," rather than a "builder-vendor."[2] Specifically, he contends that his only duty to plaintiffs was to disclose the fact that he built the house and to disclose any known defects.

We begin by considering whether defendant's lack of a contractor's license affects application of the general foreseeability principle. Defendant contends that applying the general negligence standard to individuals who are not licensed contractors is problematic for two reasons. First, he argues that the standard of care for a builder who is not a licensed contractor is "illusory" because very few "ordinary people"—that is, people who are not licensed contractors—build houses. He asserts that a jury of ordinary people would be unable to determine what constitutes reasonable care in building a house. Second, he argues that applying the general negligence standard in this case will "open the door to a whole new category of claims" against homeowners who perform their own home repair or remodeling projects.

---

[2] A builder-vendor is someone "who builds new homes upon land for the purpose of sale to the general public." *Yepsen v. Burgess*, 269 Or 635, 640-41, 525 P2d 1019 (1974). An owner-builder builds a home for personal use. Plaintiffs submitted affidavits to the trial court in which they asserted that defendant had told them that he had "built the house as a 'spec house' with a plan to live in it for a period of time before selling it and moving into another home." However, in their proffered amended complaint, they specifically alleged that defendant designed and built the house as an owner-builder. Accordingly, we need not decide whether a person who builds a house with the intent to live in it initially but ultimately to sell it is a builder-vendor.

We disagree that a jury would be unable to resolve claims in cases like this one. Jurors are regularly called upon to determine whether conduct is negligent even when it is outside their personal realm of experience. We see no reason that a jury would not be able to determine whether the damages that plaintiffs allege were reasonably foreseeable and whether defendant exercised reasonable care in building the house.

Defendant's argument concerning claims against homeowners who repair or remodel their homes is also unpersuasive. The Supreme Court has rejected "avoidance of increased litigation" as a ground for denying liability for negligence. *Christensen v. Murphy*, 296 Or 610, 620, 678 P2d 1210 (1984); *see also Norwest v. Presbyterian Intercommunity Hosp.*, 293 Or 543, 552, 652 P2d 318 (1982) (if the social costs of litigation "are to be the reason for denying an otherwise meritorious cause of action, that is one judgment to be made by legislatures rather than by courts"). Accordingly, we reject defendant's argument that his lack of a contractor's license precludes liability for negligence in designing and building the house.

■       We turn to defendant's argument that an owner-builder owes no duty beyond disclosure to a subsequent buyer. Defendant contends that a buyer has adequate legal protections and remedies when it is disclosed that the house was built by an owner-builder. He asserts that an owner-builder has an opportunity to become aware of at least some defects and damage, given that he or she lives in the house for a time before selling it. He notes that anyone selling a house is required to disclose such defects in the property disclosure statement required by ORS 105.465(2) and that buyers have remedies for fraud or breach of contract if the seller fails to disclose or misrepresents the defects. He also argues that buyers who are aware that the house was built by the owner are free to obtain professional inspections or negotiate for a warranty as conditions of purchase and that they are free to offer less for the house.

Although that may generally be true, defendant's contention that an owner-builder has an opportunity to become aware of defects and damage is unavailing. It suffices

to observe that—as the facts of this case illustrate—not all latent construction defects will come to light while the builder occupies the house. Even assuming that the required disclosure of known defects is sufficient to protect a buyer from the builder's negligence as to *those* defects, it is not a sufficient substitute for holding the builder to the general negligence standard. We reject defendant's argument that requiring disclosure of known defects and damage is sufficient to protect a home buyer from the builder's negligence.

Defendant's arguments concerning a buyer's ability to insist on inspections and to bargain for a warranty or a lower price are also unpersuasive. We acknowledge that, in *Harris v. Suniga*, 344 Or 301, 313, 180 P3d 12 (2008), the Supreme Court observed that contracts between builders and buyers "play a critical role in determining legal rights and liabilities, and contractual negotiations are a preferred method of establishing parties' respective obligations." The buyer of a house can, by contract, expressly assume the risk of latent defects in the house. *See C.H. Savage Company v. Multnomah County*, 57 Or App 735, 738-39, 646 P2d 639, *rev den*, 293 Or 634 (1982) (noting that, although *former* ORS 18.475(2) (1975), *renumbered as* ORS 31.620(2) (2003), abolished the doctrine of implied assumption of risk, express assumption of risk remains a viable defense to negligence claims). We decline to hold, however, that the *availability* of such bargaining opportunities means that, as a matter of law, an owner-builder of a house owes no duty of care to subsequent buyers in designing and building the house, beyond disclosing known defects. Whether plaintiffs contractually assumed the risk of latent defects in this case does not bear on whether their proffered amended complaint stated a negligence claim. It is a matter for defendant to assert as a defense. *Id.* at 739 ("[D]efendant was entitled to assert [express assumption of risk] as a defense.").

In short, we conclude that defendant's duty to plaintiffs is not defined or limited by his status in this case as an owner-builder who is not a licensed contractor. As noted, defendant does not dispute that, if the general foreseeability principle articulated in *Fazzolari* applies, plaintiffs' proffered amended complaint alleged sufficient facts, if proved, to establish negligence under that principle. Accordingly, we

conclude that the trial court erred in ruling that the amended complaint failed to state a claim.

As noted above, the decision to grant leave to amend a complaint is committed to the trial court's discretion. *See Ballard*, 221 Or App at 637-38. Although we conclude that the basis for the court's decision in this case was legally erroneous, whether to grant plaintiffs' motion is still for the trial court to decide. Accordingly, we remand for the court to exercise its discretion anew.

Reversed and remanded.